# GREGORY CONSOLIDATED MINING COMPANY v. STARR.

## SAME v. SAME.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

Nos. 356, 357. Submitted April 29, 1891. — Decided May 25, 1891.

It being apparent that the proceedings in this court were for delay, No. 356 is affirmed with ten per cent damages, and No. 357 is dismissed, the court being without jurisdiction.

THE case is stated in the opinion.

*Mr. Edwin W. Toole* and *Mr. William Wallace, Jr.*, for plaintiff in error.

*Mr. W. F. Sanders* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

On July 28, 1883, the Ætna Iron Works of San Francisco entered into a contract with the Gregory Consolidated Mining Company to build and equip for it at Gregory, Montana, a complete concentrating mill of specified capacity. The contract provided that the mill "shall be completed and delivered in perfect running order within four months from date, provided the lumber required to be used in constructing the building and placing the machinery therein is delivered on the ground at Gregory aforesaid . . . within forty days after the receipt of the bill for said lumber by H. W. Child, representing said party of the second part." In consideration of this the mining company agreed to pay twenty thousand dollars upon receipt at Helena, Montana, of a bill of lading showing a shipment of the machinery from San Francisco, and the sum of thirty thousand dollars in three equal instalments, "in thirty, sixty and ninety days from the acceptance, upon completion, of said mill, by said party of the second part." The

twenty thousand dollars was paid on receipt of the bill of lading; but the three instalments of ten thousand dollars each were none of them paid, and these actions were brought to recover those instalments. No. 357 on our docket, though later in number, was the first action commenced in the District Court of Montana, and was to recover the first instalment. No. 356 was commenced some months thereafter, and was to recover the last two instalments. It was commenced later, was tried later, and judgment was rendered at a later day; but, somehow, it occupies an earlier position on our docket. The differences between the two cases are these: No. 356 was tried by a jury; No. 357, by the court without a jury. In No. 356 a foreclosure of a mechanic's lien was sought; but not in 357. The answer in the suit for the second and third instalments, No. 356, claimed damages for the failure to complete the mill within the time specified in the contract. With these exceptions the cases are substantially identical. The testimony in the two cases was practically the same, being mainly by depositions. Both cases are brought to this court by writ of error. As one of them, No. 357, was tried by the court without a jury, it could only be brought here by appeal. *Hecht* v. *Boughton*, 105 U. S. 235; Act of April 7, 1874, 18 Stat. p. 27, c. 80, sec. 2. We have, therefore, no jurisdiction over this case. As to both of them, it may also be observed, that the requirements of section 997, Revised Statutes, and Rule 21 of this court, as to the assignment and specification of errors, have been ignored. The only suggestion in respect to error presented by either record is that made in the statement of appeal from the District to the Supreme Court of the Territory; and the briefs filed in this court by the plaintiff in error were the same as were filed in the Supreme Court of the Territory without compliance with Rule 21, and with even inaccurate references to the pages of the record on which the specifications in the statement of appeal to the Supreme Court of the Territory are found. We could properly dispose of these cases on the ground of this disregard of the requirements of the statute and rules; but ten per cent damages are asked under clause 2 of rule 23, and, therefore, we pass to

inquire what are the real merits of this controversy, and what are the errors which in any way are suggested by the record.

There is no doubt as to the sufficiency of the complaints. Indeed, no objection was made to them. Upon the general merits of the case, it may be observed that the answers first denied the transfer from the Ætna Iron Works to plaintiff. One witness, himself interested in the iron works, testified to the transfer; and there was no testimony even tending to gainsay this. The answers also denied the making of the contract. The assistant general manager of the mining company was called as a witness, identified the contract, and testified to its execution by himself for the mining company. The testimony is undisputed, not only that the mill was built and equipped, but also that it was accepted and operated by the defendant. A letter from Prof. Hesse was in evidence, signed by him as superintendent of the Gregory Smelter, informing the Iron Works of the completion of the contract; his entire satisfaction with the work done; that the concentrator was of larger capacity than that called for by the contract; and that the building was substantially and well built, and the machinery of first-class workmanship. The party who represented the Iron Works in this transaction testified that Child, the assistant general manager of the mining company, told him he must please Hesse in the construction of the mill; and that if the mill was acceptable to Hesse, it would be to the company. Hesse testified that he showed his letter of acceptance to Child, and that he made no objection to it, and that he accepted it on April 18, 1884. And Child, the assistant general manager, himself, when called as a witness, testified that Hesse was at the time of the building of the mill his representative at the works. Under these circumstances, it does not admit of doubt that the judgments were right, and that substantial justice was done thereby.

If we pass to a consideration of the special matters of objection we find nothing which presents even technical error. It is insisted that the court erred in overruling the objection of defendant to three questions and answers in the deposition of D. H. Malter, the party who represented the Iron Works in

the contract. These questions and answers, numbered 6, 7 and 8, related to the time of the receipt by H. W. Child of the bill for the lumber specified in the contract, the time of its actual delivery on the ground at Gregory, Montana, and to the witness' possession of a copy of the bill of lumber so delivered. The form of the questions was unobjectionable, the answers were responsive thereto, and were not heresay. The objections to these questions and answers are frivolous.

Question number 9 and the answer thereto, in the same deposition, are also challenged. This question was as to the time of the completion of the mill, and the fact of an acceptance. The answer was that the mill was completed about the end of February, 1884, and accepted April 18, 1884, by Charles Hesse, the superintendent of the mining company in Montana. Surely, completion and acceptance were matters which, under the contract, had to be proved; and as the form of the question is not challenged, and the answer was direct and responsive thereto, the objection to them is no better than those heretofore mentioned.

Objection is also made to question and answer number 6, in the deposition of Charles Hesse. That question was, who accepted the mill on behalf of the company, and how was such acceptance made; and the answer of the witness was that he accepted it in writing. It is impossible to conceive of any objection to this testimony.

The answer to question number 12 in his deposition is also objected to. In that answer, he testified to his estimate as to the capacity of the concentrator. It certainly worked no hardship to the defendant that the capacity was larger than that stipulated for in the contract, and it tended to prove that the acceptance, which, in fact, was made, was properly made.

It is further objected that the court erred in refusing to non-suit the plaintiff at the close of his testimony. But considering the scope of the testimony, which we have heretofore noticed, it is obvious that the court did not err in overruling such motion, and would have erred if it had sustained it.

It is also objected that the court erred in refusing to receive in evidence a letter from Child, the manager, to the Iron

Works. As this letter contained nothing of value as tending to determine the matters in dispute between the parties, the court did not err in refusing to admit it. In so far as it referred to the details of shipment, and the difficulty of transporting the machinery to the mine, or the condition of the building, even if these matters were of any importance, it is not perceived how the defendant can make testimony for itself by simply writing a letter to the plaintiff. Mr. Child was a witness on the trial, and if there was any fact stated in the letter which was material to the controversy, he could have been interrogated in respect to it.

Another objection is that the court refused to receive in evidence four letters from Hesse to Child. These letters could not be received for the purpose of impeaching Hesse, for his attention had not been first called to them; and no letter from one officer of a company to another is admissible against another party to prove the truth of the facts stated therein.

A final matter is this: In each case appear instructions, though in a case tried by a court without a jury a request for instructions seems incongruous. But passing that by, for in the case tried by the jury instructions were proper, it is urged that the court erred in refusing this instruction: "The jury are instructed in the above-entitled action that time in the contract sued is of the essence thereof, and that if you find that the failure to fulfil the contract in time was without fault of the Gregory Consolidated Mining Company, then plaintiff cannot recover and you must find for defendant." The only stipulation in the contract as to time was that heretofore referred to for completion within four months from date, provided the lumber required should be delivered on the ground within forty days after the receipt of the bill therefor by Child, the representative of defendant. The testimony establishes the fact that this bill was delivered to Child within a day or two after the signing of the contract; and the only testimony in respect to the delivery of the lumber makes it clear that it was not delivered within forty days thereafter. The stipulation for the completion of the work within four months became, therefore, inoperative, and that through no

fault of the Iron Works. An instruction like that asked was misleading and improper.

It is obvious, from these considerations, that the proceedings in this court were for delay. Under clause 2 of Rule 23 of this court,

> *It is ordered in No. 356, a supersedeas bond having been given, that the judgment be affirmed and that ten per cent damages, in addition to interest, be awarded. In No. 357, as this court has no jurisdiction by writ of error over the proceedings, all we can do is to dismiss the case, and such is the order.*