# TEXAS AND PACIFIC RAILWAY COMPANY *v.* VOLK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 161.  Argued and submitted December 13, 1893. — Decided January 3, 1894.

In an action for personal injuries, exceptions to rulings upon exemplary damages become immaterial if the court afterwards withdraws the claim for such damages from the consideration of the jury, and a verdict is returned for "actual damages" only.

The omission of the court to instruct the jury upon a point of law arising in the case is not the subject of a bill of exceptions, unless an instruction upon the point was requested by the excepting party.

In an action against a railroad company by one of several workmen employed by another corporation in unloading a railroad car, for personal injuries sustained by being thrown off the car by the running of an engine and other cars against it, testimony of another of the workmen that they were busy at their work, and did not think of the approach of the engine until it struck the car, is competent evidence for the plaintiff upon the issue of contributory negligence on his part.

In an action for personal injuries, brought against a railroad company by a workman in the employ of another corporation, testimony that after his injuries his employer "just kept him on, seeing he got hurt, so he could make a living for his wife and family," is competent evidence upon the question how far his capacity of earning a livelihood was impaired by his injuries.

Judgment affirmed with additional damages under Rev. Stat. § 1010 and Rule 23 of this court.

THIS was an action against a railroad corporation incorporated by act of Congress, to recover for personal injuries.

The petition alleged that while the plaintiff, a laborer employed in the Fort Worth Iron Works, a corporation owning and carrying on a shop or foundry, was assisting in unloading an iron boiler from a railroad car disconnected from

any engine and standing upon a side track or switch belonging to or used by that corporation, close by its shop or foundry, and connected with the defendant's line of railway, the defendant, by its agents and servants, wilfully and with gross negligence, caused an engine and cars to run against the car upon which the plaintiff was at work, whereby he was knocked down and thrown off the car, severely injured, disabled to work, and put to expense for medicines and physicians' fees, "all to his damage twenty-five thousand one hundred and twenty-five dollars."

The petition further alleged that "said acts of negligence have by the defendant railway company been ratified and adopted in this, that said company has retained said reckless and negligent servants in its employ after having been notified of their said reckless and negligent acts and the injury inflicted upon the plaintiff thereby, and in failing to in any way prevent or to take any steps to prevent the occurrence of such accidents in future. By reason whereof the plaintiff says he is entitled to the further sum of ten thousand dollars by way of exemplary damages."

The defendant, by way of demurrer, excepted to the petition, because it did not appear therefrom that the plaintiff was without fault or negligence in the premises; and excepted also to the sufficiency of the allegations claiming exemplary damages; and, by way of answer, denied all the allegations of the petition, and pleaded not guilty; and, for special answer, set up that, if the plaintiff was injured as alleged, "said injuries were caused by the plaintiff's own contributory negligence and want of care in failing to get off the car after the danger was apparent, but before said car upon which the plaintiff was at work had been struck."

The jury returned a verdict "for the plaintiff, and assess his actual damages at eight thousand dollars." Judgment was rendered on the verdict, and the defendant tendered a bill of exceptions, so much of which as related to the points argued in this court was as follows:

First. The court overruled the exception to the sufficiency of the allegations in the petition claiming exemplary damages;

"and allowed the plaintiff, over the defendant's objection, to introduce evidence to the effect that the engineer and fireman in charge of said engine had been retained in the defendant's employment and had never been censured or reprimanded for the accident in question. To all of which the defendant excepted at the time. But the court, in its charge to the jury, after hearing the argument upon the question of exemplary damages, withdrew from their consideration the claim of exemplary damages."

Second. The court overruled the exception that the petition did not show that the plaintiff was without fault or negligence. The defendant, thereupon, in support of the answer setting up contributory negligence of the plaintiff, "introduced evidence tending to show that at the time of accident the plaintiff was on top of the car from which he was thrown, and walking upright with his face towards the approaching engine; and further evidence tending to show that the car upon which plaintiff was at work was separated from certain other cars on said track by an open space of fifty or sixty feet, and that the engine in motion ran agai..st and struck certain other cars on said side track, pushed them over this intervening space, and ran them against the car upon which plaintiff had been at work. But the court did not charge upon contributory negligence; to which the defendant excepted."

Third. The plaintiff, in proving his case, introduced the deposition of one Bauer, in which he testified that he was one of those unloading the car upon which the plaintiff was at work, and, "in answer to a question by the plaintiff, and over the defendant's objection that the answer was incompetent, was allowed to testify as follows: 'We didn't know what was coming until she struck the car, for we were busy at work and not thinking of the engine coming in, knowing that they had no right to make any flying switch in there, anyhow.'"
"To which ruling the defendant excepted."

Fourth. "In further proof of his case, the plaintiff introduced the witness Bauer to show the character of the work performed by the plaintiff, both before and after the accident; and, over the defendant's objection that it was irrelevant,

incompetent and misleading, said witness was allowed to testify that now the iron foundry 'just keep him on, being he got hurt (referring to the plaintiff), so he could make a living for his wife and family.' To which ruling the defendant excepted."

"To the action of the court in its rulings upon the exceptions to the plaintiff's petition and the testimony in the case, as well as the charge to the jury, the defendant excepted at the time;" and, after the allowance of its bill of exceptions, sued out this writ of error.

The defendant in error suggested that the writ of error had been sued out merely for delay; and asked for damages, in addition to interest on the judgment below, under section 1010 of the Revised Statutes and Rule 23 of this court.

*Mr. John F. Dillon,* (with whom were *Mr. Winslow S. Pierce* and *Mr. Harry Hubbard* on the brief,) for plaintiff in error.

I. The court erred in admitting evidence to the effect that the engineer and fireman in charge of the engine which caused the accident in question had been retained in defendant's employment, and had never been censured or reprimanded for the accident.

This point arises under the first exception. The facts which this evidence tended to prove occurred after the accident in question, and were wholly irrelevant. This evidence was inadmissible, because it was irrelevant, and was calculated to distract the minds of the jury from the real issue and to create a prejudice against the defendant. This precise point has been determined in a similar case in this court, in which this court decided that testimony as to the conduct of a railway company after an accident occurred is irrelevant, and its admission is error, for which the court will reverse the judgment. *Columbia Railroad Co.* v. *Hawthorne,* 144 U. S. 202.

The error committed in permitting this evidence to go to the jury, "distracting their minds from the real issue and prejudicing them against the defendant," was not cured by

the fact that the court afterwards withdrew from their consideration the claim for exemplary damages.

II. The court erred in failing to charge the jury upon contributory negligence.

As there was no charge upon this point, of course none could be set out in the bill of exceptions. The fact that the defendant excepted to the court's failing to charge upon contributory negligence shows that this matter was expressly called to the attention of the court, a request made to charge, and that the court declined to charge upon this subject. This action was taken by the court, notwithstanding the issue of contributory negligence was before the jury, and there was evidence on behalf of the defendant, as above stated, tending to support this issue. This was clearly error. *Rodrian* v. *New York &c. Railroad*, 125 N. Y. 526; *Dublin, Wicklow & Wexford Railway* v. *Slattery*, 3 App. Cas. 1166.

In the case of *Jones* v. *East Tennessee &c. Railroad*, 128 U. S. 443, this court decided that the question of contributory negligence should have been submitted to the jury under proper instructions from the court. The failure of the court to charge upon contributory negligence was therefore clearly error for which the judgment should be reversed.

*Mr. A. H. Garland*, for defendant in error, submitted on his brief.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The rulings as to the allegations and proof upon the subject of exemplary damages became immaterial by the subsequent instruction of the court withdrawing from the consideration of the jury the claim of such damages, and by the return of a verdict for actual damages only. *Pennsylvania Co.* v. *Roy*, 102 U. S. 451; *New York, Lake Erie & Western Railroad* v. *Madison*, 123 U. S. 524.

By the settled law of this court, not controverted at the bar, contributory negligence on the part of the plaintiff need not

be negatived or disproved by him, but the burden of proving it is upon the defendant. *Inland & Seaboard Co.* v. *Tolson,* 139 U. S. 551, 557. The omission of the court to instruct the jury upon the subject of the plaintiff's contributory negligence is not open to exception, because the bill of exceptions does not show that the defendant requested any instruction upon that subject. In England, it is misdirection, and not non-direction, which is the subject of a bill of exceptions. *Anderson* v. *Fitzgerald,* 4 H. L. Cas. 484, 499. In this country, the rule is somewhat more liberal; and the not giving an instruction upon a point in issue may be excepted to, if one was requested, but not otherwise. In a very early case, Chief Justice Marshall said : " There can be no doubt of the right of a party to require the opinion of the court on any point of law which is pertinent to the issue, nor that the refusal of the court to give such opinion furnishes cause for an exception." *Smith* v. *Carrington,* 4 Cranch, 62, 71. As afterwards more fully stated by Mr. Justice Story, " it is no ground of reversal that the court below omitted to give directions to the jury upon any points of law which might arise in the cause, where it was not requested by either party at the trial. It is sufficient for us that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for such party to require an opinion from the court upon that point. If he does not, it is a waiver of it." *Pennock* v. *Dialogue,* 2 Pet. 1, 15. See also *Express Co.* v. *Kountze,* 8 Wall. 342, 353, 354 ; *Shutte* v. *Thompson,* 15 Wall. 151, 164. A request for instructions, being necessary to entitle the excepting party to avail himself of an omission to instruct, cannot be presumed, but must affirmatively appear in the bill of exceptions.

The testimony of one of the men who were working with the plaintiff in unloading the car at the time of the injury, that they were busy at their work and did not think of the approach of the engine until it struck the car, related to facts which might naturally be within his knowledge, and be apparent from the behavior of the workmen; and was competent, though perhaps not important, evidence upon the issue

of contributory negligence presented by the defendant's answer.

The testimony as to the circumstances of the continuance of the plaintiff in the employ of the iron works, after being injured, was offered only " to show the character of the work performed by the plaintiff, both before and after the accident;" and was competent evidence upon the question how far his capacity of earning a livelihood had been impaired by his injuries. *Vicksburg &c. Railroad* v. *Putnam*, 118 U. S. 545, 554; *Richmond & Danville Railroad* v. *Elliott*, 149 U. S. 266, 268.

The writ of error appears to this court to have had no plausible ground to support it, and to have been sued out merely for delay. The motion of the defendant in error is therefore granted, and the

*Judgment affirmed, with interest, and ten per cent damages.*