O'CONNELL v. MASON et al.

(Circuit Court, D. Massachusetts. November 11, 1903.)

No. 1,379.

1. ACTION—IN FORMA PAUPERIS—DISMISSAL.

An action is "brought under" section 4 of the Act July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 707], authorizing one to commence and prosecute an action without prepayment of costs or fees, or the giving of security therefor, on filing in the court an affidavit of poverty, when the filing of the writ, declaration, and affidavit is simultaneous.

2. SAME—FRIVOLOUSNESS.

Act July 20, 1892, c. 209, § 4, 27 Stat. 252 [U. S. Comp. St. 1901, p. 707], providing that the court may dismiss a cause brought under the act if satisfied that the alleged cause of action is frivolous, construed, and applied to the circumstances of the case.

¶ 2. See Woods v. Bailey (C. C.) 113 Fed. 390, 122 Fed. 967.

Bernard D. O'Connell, in pro. per.

Herbert Parker, Atty. Gen., for Commonwealth of Massachusetts.

L. S. Dabney, M. F. Dickinson, Chas. W. Bartlett, Samuel J. Elder, and Walter I. Badger, for defendant.

PUTNAM, Circuit Judge. In this case the plaintiff filed a statement of poverty, under oath, under the act approved on July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706]. Thereupon, under the fourth section of the act, the defendants filed a motion that the suit be dismissed on the ground that the alleged cause of action was frivolous and malicious. That section reads as follows:

"Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious."

The plaintiff relies on the words found in that section, "so brought under this act." If these words are to be literally construed, we are yet of the opinion that, so far as they are concerned, the defendants are within the statute. As bearing thereon, and with the view of saving the rights of all parties, we made and filed the following findings of fact:

"The court finds that the plaintiff's writ and declaration were entered, under rule 7 of this court, on the 21st day of October, 1903. It also finds that the affidavit of poverty, under the act of July 20, 1892, was filed on the same 21st day of October, 1903, and that it was filed simultaneously with the entry of the writ. Therefore the court finds that the action was within the terms of section 4 of said act, and was brought under the act, within the meaning of those words in that section."

Of course, it is understood that in all the federal courts the common-law practice, as known in the United States, still continues, in the particular that plaintiffs purchase writs from the clerk's office, and fill them out and serve them at their pleasure. The filling out of such a writ with the intention of serving it is, of course, the bringing of an action for certain purposes; as, for example, with reference to the running of the statute of limitations. But it can hardly be said that an action is brought within the purpose of the statute in question by merely such filling out of the writ. To give the statute such a construction would probably defeat the purpose of the fourth section, because, according to the ordinary practice, there is no opportunity for filing the affidavit and bringing it properly to the attention of the court until the writ is entered. This is especially true in the district of Massachusetts, where the ordinary practice is not to embody the declaration in the writ, but to file it, as was done in the present case, with the writ, although, in accordance with the Revised Laws of Massachusetts of 1902, c. 173, § 10, as well as in accordance with rule 12 of this court, the declaration may be sooner filed. What would be the practical application of the fourth section of the act in question if the declaration was sooner filed, we need not determine. We are of the opinion that, under the circumstances at bar, the action was not brought, for present considerations, except simultaneously with the filing of the affidavit of poverty.

It is perfectly apparent, for reasons which we need not detail, that the object of the provision of the statute we are considering is a just one, so that it should be fairly construed to effectuate a just result. Probably, for the purpose of preventing the liberality of the statute towards plaintiffs from being abused, the court would be permitted to go behind the face of the declaration, and ascertain from affidavits or other proofs whether the action was brought in good faith; but in the present case the defendants rely on what appears by the declaration. It is possible that extreme cases might arise, where, looking only at the face of the declaration, the court might determine that the suit was frivolous or malicious even though the declaration were not demurrable. For present purposes, however, it is not necessary for us to proceed beyond safe rules, and we may judge of this declaration as we would on a general demurrer. At common law merely irrelevant or immaterial matter was not demurrable, even specially. It could only be stricken out on a motion specifying precisely the portions sought to be rejected. Chitty on Pleadings, 252, 692; Lord v. Houstoun, 11 East, 65. Nevertheless, in jurisdictions where the rules of the common law are resolutely adhered to with reference to showing a cause of action by clear and orderly statements, a declaration which consists almost entirely of matter irrelevant or immaterial, like this at bar, with only some possible threads of substantial matter so interwoven as not to be easily distinguishable from the mass of pleadings, would be adjudged wholly frivolous and insufficient on a general demurrer, or on a motion like this. But in jurisdictions where a lower standard of pleading is often accepted in practice, although it would be unjust to say that it generally prevails, this rigorous rule of the common law cannot safely be relied on; and therefore it becomes necessary for us to sift out the pleadings in this case, and to undertake to analyze them. It is not necessary for us to determine whether the "alleged cause of action" is malicious, within the meaning of the statute in question, because, clearly, it is frivolous. What is intended by the word "frivolous" in the federal courts may be practically tested by an examination of Palmer v. Arthur, 131 U. S. 60, 9 Sup. Ct. 649, 33 L. Ed. 87; Wilson v. Everett, 139 U. S. 616, 11 Sup. Ct. 664, 35 L. Ed. 286; Gregory Company v. Starr, 141 U. S. 222, 11 Sup. Ct. 914, 35 L. Ed. 715; Texas & Pacific Railway v. Volk, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78; Nelson v. Flint, 166 U. S. 276, 17 Sup. Ct. 576, 41 L. Ed. 1002. In Texas & Pacific Railway v. Volk, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78, it appears, at page 79, 151 U. S., page 240, 14 Sup. Ct., 38 L. Ed. 78, to have been sufficient, in the view of the court, to hold that a writ of error was frivolous merely because it had "no plausible ground to support it." Therefore we need not go beyond that expression in the case at bar.

In Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646, the syllabus, at page 336, 13 Wall., 20 L. Ed. 646, says:

"Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction as to their liability is made between acts done by them in excess of their jurisdiction and acts done by them in the clear absence of all jurisdiction over the subject-matter."

It is not necessary to further consider the opinion of the court in that case, or its decision, because this syllabus clearly represents both. This decision has stood unchallenged, and is the undoubted law in the federal courts, which we and all parties coming into those courts are bound to recognize. Presumably, a suit contravening this decision must be regarded as within section 4 of the statute under consideration (27 Stat. 252 [U. S. Comp. St. 1901, p. 707]). What the court might do in the event parties assured it that they seriously desired to reach the Supreme Court, and to ask it to review Bradley v. Fisher, we need not undertake to consider, because in the present case the propositions submitted to us by the plaintiff relate entirely to an attempt to distinguish, and not to review. That this attempt has no basis to support it, and that, in view of Bradley v. Fisher, this suit is frivolous, even if not malicious, is clear.

We have carefully read the declaration in order to thoroughly understand our conclusions in this respect. So far from containing several distinct propositions, as is required by the proper rules of pleading at common law, it contains certain introductory statements, and also a statement at the close setting out the alleged damages which the plaintiff claims to have suffered. Intermediate between these, it is broken up into 15 different paragraphs. Paragraphs 11, 12, 13, and 14 cover topics wholly disconnected from the remaining paragraphs, and neither of them alleges anything which, in any view, could be the basis of an action against any person, official or otherwise. Paragraphs 9, 10, and 15 make allegations against only one of the defendants, and these clearly relate to judicial acts in a judicial capacity; and therefore, notwithstanding the ineffectual assertion of the plaintiff that the acts were not judicial, these paragraphs are clearly within Bradley v. Fisher, supra. Paragraphs 1 to 9 contain, a continuous story, although covering several distinct subject-matters, each of which might relate to a several and distinct cause of action, if any or all combined could be effectual in that direction. These paragraphs set out sundry proceedings by the defendants which the plaintiff has pointed out to us as not judicial nor under cover of judicial authority. It is evident, however, that none of these incidental acts, in any view of them, could afford the basis of a legal proceeding. They are all merely incidental, and could not be relevant except as they might lead to various judicial proceedings, for each of which, if the facts are at all correctly alleged, the plaintiff had complete remedy in the usual course in the courts of the state where the alleged matters were pending. If, therefore, the declaration alleges any matter which is not judicial, or done under color of judicial authority, it is so intermingled with what is judicial, and so incidental thereto, that it cannot become the subject of separate or distinct cognizance or consideration. We may add that the more carefully we read this declaration for the purpose of sifting out the various elements which the plaintiff has sought to bring to our attention, especially as in thus reading it we discover that the plaintiff has combined therein matters as to which he lays claim only against one of the three whom he has made defendants, we are more and more thoroughly convinced that the plaintiff had no just conception of any right of proceeding in a civil suit,

and more and more strongly impressed that the alleged cause of action is purely frivolous.

We doubt very much whether, on a motion of this character, it is within the spirit of the statute to allow costs. At any rate, we would not feel justified in allowing them on our own motion.

Ordered, the defendants may take a judgment that the suit be dismissed as frivolous, in accordance with the fourth section of the act approved on July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], without costs to either party.