JOHN E. PERRY *vs.* RICHARD A. GRIEFEN.

York.    Opinion December 24, 1904.

*Non-resident.    Jurisdiction.    Attachment.    Officer's Return.    Conclusiveness of
Return.    R. S. 1903, c. 83, §§ 12, 21.*

On a writ of attachment describing the defendant as a non-resident a dep-
uty sheriff made return that he attached a lot of lumber and a lot of tools
in the county, as the property of defendant, and that he made service on
the defendant, by giving his agent in hand a summons for his appearance
in court; and the defendant's counsel appearing specially for the purpose
moved that the action be dismissed for want of jurisdiction : *Held;* that
the officer's return must be taken as true for the determination of the
question raised by the motion, leaving the parties to their action against
the sheriff if the return be untrue.

Although the return is not definite as to quantity and location of the goods,
if it shows that goods of the defendant were attached on the writ in this
state, it is sufficient for jurisdictional purposes.

Errors made by the officer in his return to the town clerk's office will not
dissolve the original attachment, as filing, a copy of the return in the
statutory office is not a part of the process of attaching personal prop-
erty, as it is in attaching real estate.

The officer must take actual possession of the goods on the writ of attach-
ment, which is not required when the attachment is made by trustee pro-
cess, and such taking possession by virtue of the writ would give the
plaintiff a lien on them and the court jurisdiction over them.

When at any time or in any manner it is in good faith represented to the
court, by a party or amicus curiae, that it has not jurisdiction, it will
examine the grounds of its jurisdiction before proceeding further.

On exceptions by defendant.

Assumpsit to recover balance due on account annexed, and also to
recover damages occasioned by the refusal of the defendant to accept
certain brick, which, it was alleged, the defendant agreed to purchase
of the plaintiff.

The case is stated in the opinion.

*George F. Haley and Leroy Haley,* for plaintiff.

*Frink & Marvin and George C. Yeaton,* for defendant.

SITTING: WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.    The plaintiffs sued out of the clerk's office of this court in York county an original writ of attachment dated February 24, 1903, against the defendant, Richard A. Griefen, returnable at the May Term, 1903, in York county. In this writ the defendant was described as of Chicago in the state of Illinois. The declaration was for merchandise sold and delivered. The writ was placed in the hands of a deputy sheriff for York County, who made upon it the following returns, viz:    •

"State of Maine.

York ss.    Kittery, Feb. 24, 1903 at three o'clock in the afternoon:

By virtue of the within writ I attached a lot of lumber valued at $200, a lot of brick valued at $100 and a lot of tools valued at $25, as the property of the within named defendant Richard A. Griefen, the value of all amounting to $325, now on the Navy Yard in Kittery in said county, and within five days of said attachment, to wit, on the 27th day of Feb. 1903, I filed in the office of the town of Kittery an attested copy of so much of my return on this writ as relates to the above named attachment with the value of the defendant's property which I am commanded to attach, the names of the parties, the date of the writ and the court to which the same is returnable.

J. T. LEWIS, Deputy Sheriff."

"York ss.    On this 14th day of April, 1903, I made service on the within named defendant by giving in hand to Charles A. Noble, Richard A. Griefen's agent, a summons for his appearance at court.

J. T. LEWIS, Deputy Sheriff."

No other service was made on the defendant. It is not denied that the goods attached were the property of the defendant. The writ was returned to and entered in court, and counsel for defendant, appearing specially for that purpose, moved the court to dismiss the action for want of jurisdiction. The court overruled the motion and defendant's counsel excepted.

"In all actions commenced in any court proper to try them jurisdiction shall be sustained if goods, estate, effects or credits of any defendant are found within the state and attached on the original writ; and service shall be made as provided in section twenty-one." R. S. 1903, ch. 83, sec. 12. The officer having the writ for service returned that he had found goods of the defendant within the State, viz: a lot of timber, a lot of brick and a lot of tools on the Navy Yard in Kittery, and that he had attached them on the writ. This return must be taken as true in this action for the determination of the question raised, leaving the parties to their right of action against the sheriff if the return be untrue. *Craig* v. *Fessenden,* 21 Maine, 34.

The defendant insists, however, that the return is not sufficiently definite as to the description, quantity and location of the goods to constitute a valid attachment, and hence that according to the return itself the goods were not attached. Although the return is not so definite and explicit in these respects as may seem desirable, and might not be sufficient to protect the officer in proceedings against him, we think it sufficiently shows that goods of the defendant were actually attached on the writ in this State. That is enough for jurisdictional purposes at least. If more definiteness and detail are wanted for other purposes, the return is amendable to that extent. *Reed* v. *Howard,* 2 Met. 36; *Clement* v. *Little,* 42 N. H. 563.

The defendant again insists that, if ever made, the attachment was dissolved before entry of the action by errors of the officer in the return made by him to the town clerk, and that this dissolution of the attachment before entry deprived the court of jurisdiction. But the filing of a copy of the return in the statutory office is not a part of the process of attaching personal property, as it is in attaching real estate. Personal property can be attached and the attachment preserved without any such filing, and also if the copy filed be defective. The officer must take actual possession of personal property as he did in this case, and the statutory provision for his filing a copy of his return in the town clerk's office is for his relief as to keeping possession once taken, substituting public notice of the attachment in certain cases for visible retention of possession. His special property

in the goods attached still continues, with the right to resume actual possession at any time.    *Wentworth* v. *Sawyer*, 76 Maine, 434.    In this case the goods were attached when the officer took possession of them by virtue of the writ.    The plaintiff thereby gained a lien on them and the court acquired jurisdiction over them.    If the officer afterward lost possession of them, and thereby deprived the plaintiff of his lien, the plaintiff would have instead thereof a right of action against the officer.    The question cannot be determined here since the officer is a party to it and is entitled to be heard upon it.    He has made return upon the writ that he has attached thereon goods of the defendant found within the State.    In this action it must be assumed that he still has them under attachment ready to respond to the judgment of the court.    Hence this action must proceed to judgment if the statutory notice has been given.    *Nelson* v. *Omaley*, 6 Maine, 218.    If judgment be for the plaintiff and the goods are not forthcoming to be applied to the satisfaction of the judgment, the plaintiff will then have his action against the officer.    If we dismiss this action without judgment on its merits, we deprive the plaintiff of all remedy against the officer, since a judgment in the plaintiff's favor in this action is a prerequisite to his maintenance of an action against the officer.    Should he, in case of dismissal of this action because of attachment lost, bring an action against the officer, the latter would not be bound by that order of dismissal and might nevertheless successfully defend against that action.    The result might be that the plaintiff would have a decision against him twice when he was certainly right once.    Such a possible result demonstrates that this action should not be dismissed on that ground.    Perhaps it should be noted that this case is distinguishable from those cases against non-resident defendants where the only attachment is by trustee process.    In those cases the officer does not take possession of any goods, nor does he return that he has attached goods, but only that he summoned the alleged trustee.    If it appears that the person so summoned had no goods, etc., of the defendant in his possession when summoned, then there was never anything attached, and never any foundation for jurisdiction.

The court having overruled the above motion to dismiss, the defendant's counsel declined to enter any general appearance or to file any other pleadings, and the court thereupon ordered a default to be entered, to which order the defendant excepted. Waiving all questions as to whether defendant can properly be heard on these exceptions, we proceed to inquire whether service of the writ has been made as required by the statute, § 21 of ch. 83, R. S., which was declared in § 12 above quoted from the same chapter to be sufficient for jurisdiction. We should make this inquiry even if only of our own motion, because if the statutory service of the writ has not been made and no appearance has been entered any entry of judgment on the default would be a nullity. *Penobscot R. R. Co.* v. *Weeks,* 52 Maine, 456. Sec. 21 is as follows: "If any defendant is not an inhabitant of the State, the writ may be served on him by leaving a summons or copy as the case may be with his tenant, agent or attorney in the State." In this case the defendant was not an inhabitant of the State. The officer has made return that in York County he "made service on the defendant by giving in hand to Charles W. Noble, Richard A. Griefen's (the defendant) agent, a summons for his appearance at court." This seems to be a sufficient compliance with the statute, the writ being a writ of attachment requiring a separate summons. The return of the officer that Mr. Noble, with whom he left the summons, was the agent of the defendant is sufficient evidence of that fact, at least in the absence of any evidence or allegation to the contrary. *Bates* v. *Willard,* 10 Met. 62; *Craig* v. *Fessenden,* 21 Maine, 34.

It affirmatively appearing of record that goods of the defendant were found within this State and attached upon the original writ; that the defendant was not an inhabitant of this State and that service of the writ was made upon his agent in this State according to the statutory provisions; the court is authorized to take jurisdiction of the action, the subject matter being admittedly within its jurisdiction. The defendant not answering to the action, he was properly defaulted and judgment must go against him on his default.

The plaintiff not having asked for a special judgment against the property attached, the judgment will be general and in form against

the defendant personally. *Eastman* v. *Wadleigh*, 65 Maine, 251; *Parker* v. *Prescott*, 86 Maine, 241. Whether this judgment will be entitled to recognition beyond the boundaries of this State, or whether it will avail the plaintiff anything against the person of the defendant if found within this State, need not be considered here. Upon the record he is entitled to the judgment under our law whatever it may prove to be worth.

It was strenuously urged by the plaintiffs that the defendant should not be heard to question the court's jurisdiction because he had not taken the right course to raise that question, nor taken any course in reason, and also because he had waived it by an appearance in the action. When, however, it is at any time and in any manner in good faith represented to the court by a party or amicus curiae that the court is without jurisdiction of the action, the court will examine the grounds of its jurisdiction to see if any exist before proceeding further. *Cassity* v. *Cota*, 54 Maine, 380; *Powers* v. *Mitchell*, 75 Maine, 364. In this case we find sufficient grounds without considering the questions of procedure raised by the plaintiffs.

*Exceptions overruled.   Judgment on the default.*