KEYSTONE BANK v. SAFETY BANKING & TRUST CO.

(Circuit Court, E. D. Pennsylvania. May 27, 1910.)

No. 680.

TRIAL (§ 259*)—REQUESTED CHARGE—FORM.

An oral request to charge, made after the charge had been delivered and as the jury was about to retire, was properly refused, under the rule that such requests must be plainly written and so framed that the court's answer will be full, direct, and explicit by a simple affirmation of negation, and that a copy shall be presented to the court and the opposite counsel at the close of the evidence and before argument.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 648; Dec. Dig. § 259.*]

At Law. Action by Keystone Bank against the Safety Banking & Trust Company. On defendant's motion for new trial. Denied.

Carr, Beggs & Steinmetz, for plaintiff.

John C. Gilpin, for defendant.

J. B. McPHERSON, District Judge. The only question that needs attention upon this motion arises upon the following facts: The suit is brought on a certificate of deposit, and under its terms the defendant could have resisted recovery on the ground that demand for payment was necessary before suit, and that a proper demand had not been made. No such question was raised during the trial, however, and al-

though the defendant presented four requests for instruction (the first and fourth were withdrawn before the court delivered its charge) none of them asked for an instruction upon the subject of demand. But after the charge had been delivered, and as the jury was about to retire, the defendant's counsel made an oral request for instructions upon that subject. The stenographer's notes show what took place at that time between the court and counsel, and it is not necessary to repeat the colloquy. It is enough to say that the court pointed out that the request was in violation of the rules of practice, and for that reason refused to comply. The defendant asked for an exception to this refusal, and I held the matter under abeyance in order to consider it further. This I have since done, but without seeing any reason to change the opinion I then entertained—that the defendant was entitled neither to the instruction nor the exception. The rule of the Circuit Court, which I think sustains this position, is as follows:

"Points upon which the opinion of the court is desired on the trial of the cause shall be plainly written, and so framed that the answer of the court will be full, direct, and explicit, by a simple affirmation or negation. A copy of the points shall also be presented to the court and the opposite counsel at the close of the evidence and before the commencement of the summing up, or the court may, at their discretion, refuse to charge the jury upon the points proposed."

The other reasons for a new trial do not call for special notice. The motion is refused.