## BALTIMORE & O. R. CO. v. WOOD.

(Circuit Court of Appeals, Third Circuit. January 10, 1916.)

No. 1952.

1. APPEAL AND ERROR ⊂⊃272—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS TO CHARGE.

Rev. St. § 918 (Comp. St. 1913, § 1544), authorizes District Courts to adopt rules regulating their own practice. Pursuant thereto a District Court adopted a rule that points upon which the opinion of the court was desired should be presented at the close of the evidence and before the commencement of the summing up, or that the court might in its discretion refuse to charge upon the points proposed. *Held* that, where defendant neither conformed to this rule by presenting a point at the close of the evidence, nor appealed to the court to suspend the rule and permit the point to be presented at the close of the charge, but merely noted an exception at the close of the charge to the omission of an instruction on such point, such omission could not be reviewed, as the refusal to give instructions upon points presented after the close of the charge is not subject to exception, and the omission to charge upon a point of law is not open to exception when the desired instruction is not requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. ⊂⊃272.]

2. RAILROADS ⊂⊃327—CROSSING ACCIDENTS—CONTRIBUTORY NEGLIGENCE—DUTY TO STOP, LOOK, AND LISTEN.

While it is the positive and unbending rule in Pennsylvania that one approaching a railroad must stop, look, and listen, and while the law requires a traveler to continue to look and to observe the precautions which the danger of the situation requires, his subsequent conduct, after once

stopping, looking, and listening, is not determined by a positive rule of law, but by the circumstances of the particular case.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1043–1056; Dec. Dig. ⊜⟶327.]

3. TRIAL ⊜⟶252—CROSSING ACCIDENTS—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In an action for damages to a motor truck, struck by a train, where the entire controversy respecting the contributory negligence of the driver of the truck related to his conduct in stopping, looking, and listening at a particular place, and whether that was a proper place at which to stop, look, and listen, and whether at that place he could and must have seen the approaching train and heard the warnings given, and there was no controversy as to his subsequent conduct, and no evidence as to what he did after starting from the place at which he stopped, or whether he continued to look and listen, an instruction that it was his duty to look and listen, as he drove on and across the track from the point where he stopped, would not have been applicable, and the omission thereof was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ⊜⟶252.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by George Wood against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William B. Linn and H. B. Gill, both of Philadelphia, Pa., for plaintiff in error.

Frank P. Prichard, James Wilson Bayard, and John G. Johnson, all of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The question is, whether the trial court erred in omitting to instruct the jury that it was the duty of the driver of a vehicle, who had stopped, looked and listened when approaching a railroad track at grade, to look and listen as he drove on and across the track.

This suit was instituted to recover for damage to the plaintiff's motor truck caused by collision with a train, at night, at a point in the outskirts of the City of Chester where a highway crosses at grade the tracks of the defendant railroad company. The highway turns at a right angle and then on an up grade crosses the tracks at an acute angle. The driver of the truck, who was the servant of the plaintiff, stopped at a point sixty feet on a diagonal line from the first rail and about one hundred feet from the last rail of the tracks. He looked up and down the railroad, and neither seeing nor hearing an oncoming train, started the truck under low gear, and approached the tracks at a speed of about two and a quarter miles an hour. When the truck was almost clear of the furthermost track, it was struck by a heavy train approaching at a speed of forty miles an hour.

The negligence charged to the defendant was the operation of the

train at a speed violative of a city ordinance, and without giving timely and sufficient warning. The defense was contributory negligence of the driver, in that, first, he did not heed adequate warning; second, he did not stop at the proper place; and third, if at the place he stopped, he had looked and listened, he could and would have seen and heard the approaching train.

The record fails to show, that upon the close of the evidence, the defendant presented points for instructions to the jury. The court delivered an elaborate charge on the law of negligence, and especially on that feature of the law of contributory negligence respecting the duty of a wayfarer, under the inflexible rule of the Pennsylvania law, to stop, look and listen before crossing the tracks of a railroad. The instructions, so far as they went, were in entire accord with the principles of the law of negligence as they prevail in the State of Pennsylvania.

At the conclusion of the charge, this colloquy occurred:

"Mr. Linn (for the railroad company): I desire an exception to the omission of your Honor to state to the jury that the duty of the driver was to look and listen as he drove on and across the track from the point where he is said to have stopped.

"The Court: I think the rule of the Court of Appeals is that you must set forth the parts of the charge excepted to, isn't it?

"Mr. Linn: Yes, sir; but this is an omission.

"The Court: You may take an exception, and then after the charge is transcribed, you may add to that part of the charge to which the exception relates.

"Mr. Linn: This is an exception to something which you did not say." (Exception noted for defendant.)

While the defendant did not move for a directed verdict, the case was argued before us as though such a motion had been made and erroneously denied; and although the defendant presented no point for instruction to the jury upon the law indicated by its exception, the law of the charge is challenged because of its inadequacy and insufficiency.

In opening the argument in the brief, counsel for the railroad company states the case:

"The real complaint here is that the learned trial judge declined to instruct the jury 'that the duty of the driver was to look and listen as he drove on and across the track from the point where he said he stopped.'"

Obviously, counsel did not intend to convey the idea that the court, upon request, *declined* to give that instruction. Not having been requested to charge upon the point, the court *omitted* instructions upon it, and its omission in that respect constitutes the substance of the defendant's several assignments of error.

We are of opinion that the exception noted by the defendant to the omission complained of, does not, for several reasons, entitle it to maintain this writ of error.

[1] Under authority of the act conferring upon courts the power to make rules regulating practice, Rev. Stat. § 918, certain district courts, including the one that tried this case, have promulgated rules to the effect that points upon which the opinion of the court is desired shall be presented at the close of the evidence and before the

commencement of the summing up, or the court may, at its discretion, refuse to charge the jury upon the points proposed. Refusal by the trial court to give instructions upon points presented after the close of the charge, is not subject to exception. Keystone Bank v. Safety Banking & Trust Co. (C. C.) 179 Fed. 727. The enforcement of such a rule, however, is in the discretion of the court. Atchison, T. & S. F. Ry. Co. v. Hamble, 177 Fed. 644, 652, 101 C. C. A. 270.

In the case under consideration, the defendant neither conformed to the rule by presenting the point at the close of the evidence, nor appealed to the court to suspend the rule and permit it to present the point at the close of the charge. What the defendant did was to note an exception to the omission of an instruction not prayed for, which it now specifies as error, upon the ground that the court should have correctly charged without request. This procedure suggests a purpose to be fortified against an adverse verdict rather than a desire to have the jury instructed upon the point proposed. The defendant, therefore, is without redress in this court, not only because of an insufficient exception in the trial court, but under the settled rule of the Supreme Court, that the omission of a trial court to instruct the jury upon a point of law arising in the case is not open to exception in an appellate court, when the bill of exceptions does not show that the defendant requested the instructions desired. Texas & Pacific Ry. Co. v. Volk, 151 U. S. 73, 77, 14 Sup. Ct. 239, 38 L. Ed. 78.

[2, 3] However, if we were to construe the exception allowed, as it appears in the bill of exceptions, to amount to a point presented, we are not at all persuaded that if the court had given an instruction in the language of the exception, it would have correctly stated the law. The statement in the exception is "that the duty of the driver was to look and listen as he drove on and across the track from the point where he is said to have stopped." This may or may not have been the duty of the driver, according as the evidence disclosed the opportunity or necessity for continued observation; and a charge upon the driver's duty in the language of the exception, may or may not have been an accurate or pertinent instruction, according as the driver's conduct was in evidence and in issue. There is no question as to the measure of duty imposed by the law of Pennsylvania upon a wayfarer approaching and crossing at grade a railroad track. This has been established beyond dispute by many decisions of the Supreme Court of that State, the substance of which, as announced by Mr. Justice Fell in Muckinhaupt v. Erie R. R. Co., 196 Pa. 213, 46 Atl. 364, is:

"The whole duty of one about to cross the tracks of a steam road at grade is not in all cases confined to his stopping, looking and listening for the approach of a train. He must stop at a proper place, and when he proceeds he should continue to look and to observe the precautions which the danger of the situation requires. He should stop again if there is another place nearer the tracks from which he can better discern whether there is danger. But whether the place at which he stopped was the proper place at which to stop, and whether there is a second place at which he should stop, are questions of fact for the jury, and not matters of law for the court." Ellis v. Lake Shore R. R. Co., 138 Pa. 506, 21 Atl. 140, 21 Am. St. Rep. 914; Urias v. Pennsylvania R. Co., 152 Pa. 326, 25 Atl. 566; Whitman v. Pennsylvania R. Co., 156 Pa.

175, 27 Atl. 290; Ely v. Pittsburgh Ry. Co., 158 Pa. 233, 27 Atl. 970; Cookson v. Pittsburgh Ry. Co., 179 Pa. 184, 36 Atl. 194; Gangawer v. P. & R. R. Co., 168 Pa. 265, 32 Atl. 21; Hartman v. Harris, 182 Pa. 172, 37 Atl. 942; Ayres v. Railway Co., 201 Pa. 124, 50 Atl. 958; Corcoran v. Railroad, 203 Pa. 380, 53 Atl. 240; Harvey v. Erie R. R., 210 Pa. 95, 59 Atl. 691; Cohen v. P. & R. Ry. Co., 211 Pa. 227, 60 Atl. 729.

In Ayres v. Railway Co., 201 Pa. 124, 50 Atl. 958, Mr. Justice Dean, speaking for the court, said:

"While it is an unbending rule that a traveler must stop, look and listen before crossing at grade the rails of a railroad, it has not been held, that as an invariable rule, he must stop, look and listen when on the tracks or between them. * * * We have adopted the rule that a traveler at a crossing having once stopped in a place of safety before going upon the road, and there looking and listening, and, neither seeing nor hearing danger, has then undertaken to cross, yet nevertheless the fact that he has once exercised care does not relieve him from the duty of exercising care while in the act of crossing. *But what exactly he should then do to absolve himself from negligence must depend on the circumstances of the particular case.*"

The full measure of duty thus imposed by the law of Pennsylvania upon a traveler in crossing at grade the tracks of a railroad, has reference to his conduct both in approaching tracks and in crossing them. With respect to the former, it lays down a positive and unbending rule that he must stop, look and listen. With respect to the latter, while the law requires him to look and to observe the precautions which the danger of the situation requires, it nevertheless lays upon him no positive rule as to the precise conduct which, in varied situations, he must pursue. The conduct of the traveler in approaching the tracks of a railroad is determined by positive rule of law. He must stop, look and listen. His subsequent conduct in going on and passing over the tracks is determined by "the circumstances of the particular case."

In the case under consideration, it appears that the driver stopped where the positive rule of the Pennsylvania law stops, assuming, as the jury has determined, it to be a proper place. The driver's duty, with respect to his subsequent conduct, is to be measured by the varied circumstances and conditions which he encountered and by which his actions were controlled. What was his conduct in moving from the place at which he had stopped and driving on and across the track, to justify or require the court to instruct the jury with respect to that conduct, and to bind the jury by the positive rule now proposed by the defendant?

The defense was contributory negligence of the plaintiff's servant, the driver of the truck. The testimony discloses that the entire controversy respecting his contributory negligence related to his conduct in stopping, looking and listening at a particular place, and whether that was the proper place at which to stop, look and listen, and whether at that place he could and must have seen the approaching train and heard the warnings given and did not extend to his after conduct. While the law unquestionably required of the driver a care and caution in his subsequent conduct commensurate with the hazards of the situation, nevertheless, there was no controversy at the trial with respect to what he did or failed to do after he started from the place

at which he stopped and moved on and across the track. There was no evidence that he did not continue to look and listen. When upon the stand as a witness, he made no statement and was asked no question with respect to what he did after he started to cross the track. In fact there appears in the case neither evidence nor issue concerning negligence in the driver's subsequent conduct to which the omitted instruction, if it had been requested by the defendant and charged by the court, would have been applicable. We therefore find no error in the omission by the court to charge beyond the issues.

The judgment below is affirmed.