## CITY OF EXCELSIOR SPRINGS, MO., ex rel. and to Use of FITZE v. NATIONAL SURETY CORPORATION.

### No. 5.

District Court, W. D. Missouri, W. D.

Dec. 21, 1939.

Lancie L. Watts, of Kansas City, Mo., for plaintiff.

Roy W. Crimm, of Kansas City, Mo., and Otto Fickeissen, of St. Louis, Mo., for defendant.

**634**

COLLET, District Judge.

Action by A. C. Fitze, doing business as Midwest Tile Company, against the surety on the contractor's bond of the McDonald Construction Company for a balance alleged to be due plaintiff as a sub-contractor. The immediate controversy is waged between plaintiff and Wm. McDonald, the general contractor. The cause was tried to a jury resulting in a verdict for plaintiff. The verdict was ordered recorded but the entry of judgment thereon was deferred pending an investigation by the Court of the propriety of certain rulings relating to the admission of evidence.

In order that the question to be considered may be clearly understood a brief statement of the nature of the case is given.

Defendant was the general contractor for the construction of a building for the City of Excelsior Springs, Missouri. Plaintiff agreed to install certain tile work called for in the contract for the sum of $13,500. Thereafter, and before plaintiff began his work, a controversy arose as to the type of tile which the contract specifications called for. After several months delay plaintiff and defendant acceded to the insistence of the architects that a certain type of tile be used. This tile cost approximately $2,600 more than the type Fitze understood the specifications called for when he made his proposal to McDonald to install the tile for $13,500. At a conference between McDonald and Fitze a new contract was made. Up to this point there is no controversy. The character of the latter contract is the subject of the dispute. McDonald insists that Fitze agreed to install the type required by the architect for the lump sum of $16,625, while Fitze contends the agreement was that he should go forward with the work and that McDonald would pay for all labor and materials, and in addition pay Fitze 10% of the total, an arrangement commonly referred to as a "cost-plus" contract.

Soon after this latter arrangement was made—whether it be a lump sum or cost plus contract is not now material—Fitze wrote several letters to McDonald. The following will suffice as typical of several.

"3/13/37

MacDonald Const. Co.
Gentlemen,

### Hall of Waters Job

For the purpose of keeping your cost account correct on above job, we give you below a itemized acount of expences taking Men to the Job and taking acurate Marble sizes.

| | |
|---|---|
| Fair for 5 Men to Excelsior | $20.25 |
| Meals for 5 men | 1.75 |
| A. L. Tris for return trip | 5.15 |
| A. L. Tris Hotel Bill | 2.00 |
| A. L. Tris Meals | 4.00 |
| A. L. Tris oncidental expenses | 1.40 |
| Total | $34.55 |

Yours Truly
Mid-West Tile Co.
by ————— Mgr."

After the completion of the work, Fitze sent statements to McDonald, of which the following is typical:

"Sep. 28–37

Wm. MacDonald Const. Co.
3829 W. Pine St.
St. Louis, Mo.

### Hall of Waters Job

| | |
|---|---|
| To Tile, Marble, Brass, Sand & Cement & Laber | $15644.08 |
| S. Surity & State employment paid by us | 498.24 |
| Total cost of Job | $16142.32 |
| Received by Cash | 15042.10 |
| Balance due us | $ 1100.22 |
| Plus 10% as agreed on cost of Job | $ 1614.23 |
| Plus Insurance paid by us | $ 498.24 |
| Total due us | $ 3212.89" |

All of these letters were unanswered, were offered in evidence by plaintiff Fitze and admitted over defendant's objection that they were self-serving declarations of the plaintiff.

A large amount of space and labor could be devoted to an explanation of the mental processes motivating the Court's action in admitting this evidence. But no amount of explanation or reasoning seems to convert clear error, as demonstrated by Lord & Spencer v. M. N. Stout Co., 1 Cir., 33 F.2d 60, loc. cit. 62, Gregory Consol. Mining Co. v. Starr, 141 U.S. 222, 225, 11 S.Ct. 914, 35 L.Ed. 715; Ely v. Kobermann, Mo.App., 35 S.W.2d 953; Commerce Trust Co. v. Langley, 321 Mo. 124, 9 S.W.2d 923; Hammond v. Beeson, 112 Mo. 190, 20 S.W. 474; Townsend v. Schaden, 275 Mo. 227, 204 S. W. 1076; Dietz v. Nix, 202 Mo.App. 639, 216 S.W. 791, into a ruling justified by exceptional circumstances, as was the case in Morris v. Norton, 6 Cir., 75 F. 912, loc.

cit. 925. The admission of these letters cannot be justified upon the theory that the circumstances were exceptional and defendant was bound to answer them or failing to do so admit their truth. Although the Court was not apprised of the fact at the time the letters were offered, from cross-examination of plaintiff and the defendant's testimony it became apparent that many other "lump sum" contracts had been carried out between plaintiff and defendant in the past and the practice of the defendant advancing the necessary finances for labor and materials was always followed. The letters, of which the first set out above is typical, are not entirely inconsistent with such an arrangement. The statements of which the second quoted letter is an example, containing a demand for 10% of the total cost, were not sent to defendant until after the completion of the work. There is nothing in this case to distinguish defendant's failure to answer these statements from the cases cited above, and hence the bare fact that they were unanswered will not make them admissible. In this connection it should be noted that the statements last referred to were not offered to prove a demand. Nor was evidence of a demand necessary since the parties by stipulation had agreed upon the amount of recovery in the event the contract was found to be a cost plus contract.

For the reasons noted, the Court on its own motion will by proper order set aside the verdict of the jury and order a new trial.