THE WESTERN HOME INSURANCE COMPANY V. LEXCINA
C. THORPE.

INSTRUCTIONS, *Applicable to Facts*. The instructions given by a trial
court to a jury should be applicable to the issues and facts presented
by the evidence in the case.

### *Error from Miami District Court.*

ACTION to recover upon a fire-insurance policy. Trial at
the February term, 1887, and verdict for the defendant *Company*. The court set aside the verdict and granted a new
trial. This order the defendant brings here for review.

*Sperry Baker*, for plaintiff in error.

*W. H. Browne*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by Lexcina C.
Thorpe, upon a fire-insurance policy issued by the Western
Home Insurance Company. The policy was issued on the
14th day of January, 1886, and expired on the 14th day of
January, 1887; the amount of the insurance was $300, and
the premium paid was $18; the property covered by the policy was destroyed by fire on the 1st day of April, 1886. The
petition alleged, among other things—

"That at the time of the date of said policy of insurance,
the said plaintiff was the owner of the said two-story frame
shingle-roofed building, occupied as a retail grocery store, situate on lot seven, block thirty-two, Paola, Miami county,
Kansas, known as the Thorpe ladder factory, and so continued
from thence up and until the time of the said loss hereinafter
mentioned; and the said plaintiff further says that she has
duly kept, observed and performed all the requirements and
conditions contained in said policy and in the schedule thereto
attached, by her, the said plaintiff, to be kept, observed and
performed in that behalf."

The answer contained five grounds of defense, as follows:

"1. A general denial; 2, misrepresentation and conceal-

ment as to the occupancy of the building in procuring the insurance; 3, other concurrent insurance concealed from the defendant; 4, a vacancy of part of the building in violation of the condition of the policy; 5, overvaluation in procuring the insurance."

The reply was a general denial only.

The policy of insurance contained these provisions:

"1. . . . In case the building, or any part thereof, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, or cease to be operated or used for the purposes stated in this policy, unless permission therefor be indorsed in writing hereon, then and from thenceforth, so long as the same shall be unoccupied or cease to be operated, this policy shall cease and be of no force and effect. . . ."

"10. No agent of this company has any authority to waive, modify, erase. or strike out any of the printed conditions, stipulations or restrictions of this policy, . . . and it is hereby mutually understood and agreed by and between this company and the assured, that this policy is made and accepted upon and with reference to the foregoing terms, conditions, stipulations and restrictions, all of which are a part of this policy."

The court instructed the jury, among other things, in substance, under the conditions of the policy, if they found from the evidence that during the term of the policy there was any change made in the occupancy or use of the building from that stated in the policy, and such change existed at the time of the loss by fire, the policy was of no force or effect, and the insurance company was entitled to a verdict.

Among other special findings of the jury, was the following:

"Q. How was the insured property occupied in its several parts at the time of the fire, stating separately how each part was occupied? A. First lower floor by Thorpe Brothers as a ladder factory; second floor, south room by paint shop; second floor, third room for dwelling and lodging; fourth room by Thorpe Brothers as a ladder factory."

The jury returned a general verdict in favor of the company, in addition to their special findings. The trial court

vacated the judgment, and granted a new trial. This is the only error complained of.

In this case, it is nowhere shown by the record what reasons the court may have had for granting a new trial; therefore, upon the record, the order of the district court must be affirmed. Before this court will reverse an order made by the trial court granting a new trial, it must appear "beyond all reasonable doubt that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made as it was made." (*City of Sedan v. Church*, 29 Kas. 190, and cases cited.)

The briefs assume, however, that the trial court granted a new trial for the reason that it erred in instructing the jury to return a verdict for the insurance company if there was any change of occupancy of the property after the insurance, and no permission therefor was indorsed in writing upon the policy. This instruction was evidently erroneous under the issues presented by the pleadings. The answer did not allege as a defense that the premises insured were used for purposes different from those stated in the policy, but instead thereof alleged that the part of the building occupied at the execution of the policy as a retail grocery store "became vacant before the fire, and remained vacant until the destruction of the building by fire."

The instructions given by a trial court to a jury should be applicable to the issues and facts presented by the evidence in the case. It appears from the evidence that at the time the building was insured a part of the first floor was occupied as a retail grocery store, but the Thorpe brothers also had their office in the same room, a part being partitioned off for them. After the groceries were taken out, the Thorpe brothers occupied all of the first floor—the front room as their office with sample ladders, and the back part being filled with their machinery and stock; therefore the building was not vacant before or at the time of the fire.

17—40 KAS.

It does not appear in any way that the removal of the grocery from the first floor, and the occupation of the same by the Thorpe brothers as a ladder factory, materially increased the risk. The change really was not essential or material. Before the grocery store was removed the Thorpe brothers, if we understand the evidence correctly, already occupied a part of the first floor in their business, and when the groceries were taken out they continued to occupy the first floor, but also used all of the floor for their business instead of a part only.

It also appears from the evidence that the agents of the insurance company were fully acquainted with the insured property and the manner of its occupation before issuing the policy, and therefore we do not perceive that any facts material to the risk were concealed from the insurance company or its agents. The evidence further shows that the fire originated in the second building west of the insured property.

The order of the district court granting a new trial will be affirmed.

All the Justices concurring.