CLEVELAND, C., C. & ST. L. RY. CO. v. McCLINTOCK.

(Circuit Court of Appeals, Seventh Circuit.   January 3, 1899.)

No. 518.

1. MASTER AND SERVANT — ACTION BY SERVANT FOR PERSONAL INJURIES — INSTRUCTIONS.

An instruction which, after stating that defendant, a railroad company, in employing plaintiff as a brakeman, undertook to use ordinary diligence in providing safe machinery and instrumentalities to be handled by its employés, further stated that the most efficient mode of discharging that duty in respect to cars used was to maintain a careful system of inspection, was erroneous, both as implying that defendant was bound to use the most efficient mode, which is incorrect and inconsistent with the previous statement, and because what constitutes the most efficient mode is a question of fact.

2. TRIAL — INSTRUCTIONS — CONFORMITY TO PLEADING.

Where plaintiff alleged his injury to have resulted from the fact that the couplers and pins on cars he was coupling were out of repair, an instruction that he might recover if he was injured in consequence of a defect in the pin, "or some apparatus provided for his use," goes beyond the cause of action alleged, and is erroneous.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

W. H. Dye, for plaintiff in error.

S. Z. Landes, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge.    This is an action for personal injury incurred by David L. McClintock, the defendant in error, while in the service of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, plaintiff in error, as a brakeman, on the 12th day of December, 1896, at Mt. Carmel, Ill.    The declaration charges that the railroad company "did not keep its cars and machinery thereof in good repair, but, on the contrary, the couplers by which the cars are fastened together were out of repair, and were not sufficient, and the defendant, by the exercise of reasonable care, could have known of said defect; and when the plaintiff, in the careful performance of his duty as brakeman, as aforesaid, in the yard of the defendant, with due care, and without knowledge of the condition of said machinery, was caught by and in the machinery used for coupling the said cars together, because the said couplers and the pin so used to couple the said cars together were then out of repair, thereby injuring the plaintiff, and then and there,

with great force and violence, the plaintiff's arm and hand were, by the said couplers and machinery, struck and mashed," and amputation made necessary. The defendant joined issue by a plea of not guilty. The evidence shows that the two freight cars between which the defendant in error was hurt were equipped with self-acting Janney couplers, but in the coupler of one of the cars were a link and pin which had to be removed before the desired coupling could be made. It was while attempting to effect that removal that the defendant in error was hurt.

Error in the refusal of the court to direct a verdict for the defendant in the action is urged, both on the ground that the evidence does not show negligence on the part of the defendant, and that it does show contributory negligence of the plaintiff. We do not consider either phase of the question, because at a new trial, which must be ordered for another reason, the evidence may be essentially different.

The court erred in its charge when, after telling the jury that the railroad company, in employing the plaintiff, "undertook to use ordinary diligence in providing safe machinery and instrumentalities to be handled by its employés," it added, "and the most efficient mode of discharging that duty in respect to cars used was to maintain a careful system of inspection," etc. The implication here is that the company was bound to adopt the most efficient mode of discharging a duty,—a proposition which is inconsistent with the correct statement, which preceded, that the duty of the company was to use ordinary diligence. Besides, it was a question of fact what was the most efficient mode of discharging the supposed duty.

There was further error in the charge, in that the jury was instructed that the plaintiff might recover if he was injured "in consequence of a defect in the pin or some apparatus provided for his use." He was entitled to recover only upon the ground alleged in the declaration. It is not clear that any ground is well alleged, but the question has not been raised by demurrer, motion in arrest, or assignment of error, and will not be considered. The judgment is reversed, with direction to grant a new trial.

SHOWALTER, Circuit Judge, did not participate in this decision.