## FRIZZELL v. OMAHA ST. RY. CO.

### (Circuit Court of Appeals, Eighth Circuit. July 27, 1903.)

#### No. 1,879.

1. **TRIAL—INSTRUCTIONS—RULES APPLICABLE TO FACTS OF CASE.**

Instructions to the jury should be limited to the facts of the case on trial, and to the rules of law which apply to those facts, and which govern the real issues they present, and neither theories which there is no evidence to sustain, nor rules of law which are inapplicable to the evidence actually presented, should be embodied in the charge.

2. **SAME—EXCEPTION TO CORRECT CHARGE—REQUESTS REQUISITE.**

Where there is no error in the charge given, the omission to give other rules of law or to state other facts is not effectively challenged by a mere objection or exception to the instructions. An effective presentation of the question can be made only by a suitable request to the trial court to embody the rules or facts omitted in its instructions, and a failure to make such a request is a waiver of any error inherent in the omission.

3. **SAME—CHARGE WHICH APPLIES LAW TO FACTS ESTABLISHED PREFERABLE TO ABSTRACT RULES OR SOUND THEORIES.**

A charge. which applies to the facts of the case in hand the rules of law which govern the issues, and clearly states to the jury the crucial questions which they must answer, is much more helpful to them, and conduces far more to a just administration of the law, than abstract propositions of law or dissertations on sound theories, concerning the application of which to the issues they are to decide the jury is left in doubt.

4. **CARRIERS—NEGLIGENCE—EVIDENCE—COMPETENCY OF RULE.**

On the trial of a charge of negligence in the operation of a street car, a rule of the company which directs the method of operation in respect of which complaint is made is competent evidence.

5. **ERROR WITHOUT PREJUDICE—FACTS.**

Error without prejudice is no ground for reversal. The court erroneously rejected two rules of the defendant company, which were offered by the plaintiff, to the effect that after a car is stopped it should not be started when any passenger is alighting or attempting to do so, and that it should be only sent forward on a signal from the conductor. *Held*, that this error did not prejudice, and could not have prejudiced, the cause of the plaintiff, in view of the fact that the court peremptorily instructed the jury, as a matter of law, that if the car was started after it had stopped, and while the plaintiff was alighting, she was entitled to their verdict.

(Syllabus by the Court.)

---

¶ 4. See Carriers, vol. 9, Cent. Dig. § 1305.

In Error to the Circuit Court of the United States for the District of Nebraska.

C. J. Smyth (Ed. P. Smith, on the brief), for plaintiff in error.
John L. Webster, for defendant in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge. The plaintiff, Agnes Frizzell, brought an action against the defendant, the Omaha Street Railway Company, for $25,300 damages for negligence in the operation of one of its cars upon which she was a passenger, which she alleged inflicted serious injury upon her person. She averred in her petition that while she was riding upon this car it came to a complete stop; that she then arose from her seat and stepped upon the running board, which extended along the side of the car, and was in the act of alighting; that the conductor of the car saw her thus alighting, and that while she was doing so the defendant suddenly started the car, and brought her violently to the ground. The defendant answered that the car did not stop at the time the plaintiff arose from her seat to alight or at the time she alighted, and that it did not start suddenly forward during these times, but that it was moving slowly over the near cross-walk of a street crossing to enable the motorman to turn a switch over which it was about to pass, that the plaintiff stepped off the car when it was thus moving, and that a rule of the company required its employés to pass to the farther cross-walk of a street crossing before permitting the car to stop to allow passengers to enter it or to withdraw from it. The witnesses for the respective parties testified to the facts set forth in the pleadings of the parties who called them, and at the close of the testimony the evidence was uncontradicted (1) that the conductor had charge of the car; (2) that he saw the plaintiff as she arose from her seat and as she alighted; (3) that he knew she was doing so; (4) that the car was passing, or about to pass, over a switch which the motorman was required to turn at the near cross-walk of a street crossing when the plaintiff alighted; and (5) that a rule of the company required the employés to take their car to the farther cross-walk of a street crossing before stopping it to permit passengers to alight. The witnesses for the plaintiff generally testified that the car stopped, and that it was its sudden start from its stationary position that caused the accident. The witnesses for the defendant gave evidence that the car did not stop, that there was no sudden increase of speed, movement, or jolt of the car, but that the plaintiff stepped off while it was slowly moving upon or over the switch. There was no evidence that there was any sudden increase of speed, jolt, or movement of the car while it was moving. The only evidence of a violent movement was the testimony of the witnesses who said that it came to a stop, and that it suddenly started forward from this stationary position.

The court instructed the jury (a) that the burden of proof was upon the plaintiff to establish that the car stopped, and that it was suddenly started while the plaintiff was alighting; (b) that if it was

124 F.—12

thus stopped, and, while she was getting off, the car started up, and the conductor or party in charge of the car knew that she was in the act of getting off when the car started, she was entitled to their verdict; but (c) that if, at the time she attempted to get off and while she was getting off, the car had not stopped, but was still moving forward, then their verdict must be for the defendant; and that "your first inquiry naturally when you retire to your jury room is, what was the fact as to whether the car was in motion at the time she attempted to get off and while she was attempting to alight from the car? If it was not in motion, had come to a stop, and the conductor knew that she was in the act of getting off, and the car started up again while she was in the act of getting off, and she was exercising due care in getting off, in the manner of getting off, and by the reason of the car thus starting she was thrown to the pavement and sustained injuries, I say she is entitled to recover."

These instructions are challenged by counsel for plaintiff upon various grounds. They insist that it was error for the court to tell the jury that the plaintiff was only entitled to recover if the car first stopped, and was then started forward while she was alighting. They cite many instances where persons injured by sudden changes in the speed of moving cars from which they were debarking have been permitted to recover, and they earnestly urge that the court below should have charged the jury that, even if the car was moving when the plaintiff alighted, she was entitled to recover if she was thrown to the ground and injured by a sudden and violent increase of speed, movement, or jolt of the car. It is conceded that cases may and do arise in which it is permissible to submit to the jury the question whether or not a railroad company is negligent in suddenly increasing the speed of a moving car while a passenger is in the act of alighting from it. But that rule of law had no relevancy to this case, and any attempt to have applied it to the facts which this record presents would have been palpable error, because the plaintiff made no such charge in her complaint, because no such issue was presented or tried, and because there was no substantial evidence to sustain such an averment at the trial.

Instructions to the jury should be limited to the facts of the case on trial, and to the rules of law which apply to those facts and govern the actual issues which they present, and neither theories which there is no evidence to sustain, nor principles of law which are inapplicable to the evidence actually presented, should be embodied in the charge of the court. There is no evidence in this record which would sustain a finding of a jury that the plaintiff was injured by the sudden increase of the speed, the sudden jolt or movement of a moving car while she was alighting from it, and the refusal of the court to permit the jury to find a verdict for the plaintiff on that theory was right, and was the only course that could have been sustained upon the evidence in hand.

The next criticism of the instructions is that in one place in the charge the court told the jury that if the car was suddenly started from a stationary position while the plaintiff was getting off, "and the conductor or party in charge of the car knew that she was in the act of getting off when the car started," she was entitled to a

verdict against the defendant as a matter of law. It is contended that this instruction submitted to the jury the question·whether the conductor or some other party was in charge of the car when the evidence was uncontradicted that the conductor alone was in charge, and that the result of this submission was that the jury were permitted to defeat the plaintiff by finding that some other person was in charge of the car who did not know that the plaintiff was alighting at the time she received her injury. This objection is certainly ingenious and subtle, but it is neither cogent nor convincing. It is plain that the words, "or other party in charge of the car," fell from the lips of the judge through abundance of caution, and for the purpose of making it clear beyond question to the jury that if the party in charge of the car knew, whoever he was, that this plaintiff was alighting from the car when it was started, the defendant was liable for her injury. If the court had omitted to mention the conductor, and had simply informed the jury that if the party in charge of the car knew that the plaintiff was alighting she could recover, there would have been no color or pretense of reason for this complaint, because the jury must have found, in accordance with the uncontradicted evidence, that the conductor was the party in charge of the car, and that he knew that the plaintiff was alighting. In a later part of the instructions, the court repeated this portion of the charge with the words, "or other party in charge of the car," omitted. He there directed the jury to return a verdict for the plaintiff if the car was started when she was alighting, "and the conductor knew that she was in the act of getting off." In view of this part of the charge, and of the fact that the evidence was uncontradicted that the conductor alone was in charge of the car, it is clear beyond doubt that the earlier part of the instructions upon this subject at which this criticism is leveled did not result, and could not have resulted, in any prejudice to the cause of the plaintiff. The conclusion that the plaintiff's cause could have been injured by this portion of the charge can be reached only by presuming that the jury found in contradiction of the undisputed evidence in the case and in violation of their oaths that some other party than the conductor had charge of the car, and that they also disregarded the positive direction of the court upon the subject under consideration in the later portion of its charge, to which attention has been directed. Such a presumption is too violent and irrational for any appellate court to indulge, and this objection to the instructions cannot be sustained.

Finally, grave complaint is made of the fact that the court charged the jury that the plaintiff was entitled to a verdict if after the car was stopped, and while she was alighting, it was suddenly started, and if the conductor knew that she was alighting when the car started. The objection here urged is that the company was liable in the case stated by the court not only if the conductor knew that the plaintiff was alighting when the car was started, but also if by the exercise of reasonable care he could have known that fact. But this question is not here for our consideration. There was no error in the instructions which the court gave. It is beyond doubt that the company was liable to the plaintiff in the case which the court stated to the jury if

the conductor knew that she was getting off the car when it was started. Conceding that the defendant was also liable if by the exercise of reasonable diligence the conductor, or any other employé of the company, could have known that fact, counsel for the plaintiff did not request the court at the trial to give to the jury this latter rule, nor did he in any way call the attention of the court to it. Nor is the reason for their silence past finding out. They had alleged in their petition that the conductor saw the plaintiff alighting, they had proved that fact by their witnesses, and the witnesses of the defendant had admitted it. They were trying their case on the theory that the knowledge of the conductor was a potent fact in their favor, so that they had no cause to seek an instruction upon a state of facts of which there was no evidence, a state of facts under which the conductor did not know, but ought to have known, that the plaintiff was alighting from the car when it started. This was the reason why they asked no instruction upon the latter theory.

However that may be, the only basis for their complaint regarding the portion of the charge now under consideration is a bare exception to it which specifies no grounds or reasons for the challenge. There was no error in the charge as it was given. No request was preferred to the court to give the additional rule of law of the omission of which complaint is now made, and the failure to give it was not, therefore, reversible error. Where there is no error in the charge given, the omission to give other rules of law or to state other facts is not challenged by a mere objection or exception to the instruction. An effective presentation of the question suggested by the omission can be made only by a suitable request to the trial court to embody the rules or facts omitted in its instructions, and a failure to make such a request is a waiver of any error inherent in the omission. Chicago G. W. Ry. Co. v. Healy, 30 C. C. A. 11, 16, 86 Fed. 245, 250; Pennock v. Dialogue, 2 Pet. 1, 15, 7 L. Ed. 327; Texas & Pac. Ry. v. Volk, 151 U. S. 73, 78, 14 Sup. Ct. 239, 38 L. Ed. 78; Backus v. Fort Street Union Depot Co., 169 U. S. 557, 575, 18 Sup. Ct. 445, 42 L. Ed. 853; Humes v. U. S., 170 U. S. 210, 211, 18 Sup. Ct. 602, 42 L. Ed. 1011; Shutte v. Thompson, 82 U. S. 151, 164, 21 L. Ed. 123; Express Co. v. Kountze Bros., 75 U. S. 342, 353, 19 L. Ed. 457; Mutual Life Ins. Co. v. Snyder, 93 U. S. 393, 394, 23 L. Ed. 887; Carter v. Carusi, 112 U. S. 478, 484, 5 Sup. Ct. 281, 28 L. Ed. 820. The truth is that there was no error and no omission in the charge of the court. The rule that the company was liable if the conductor ought to have known that the plaintiff was alighting was inapplicable to this case, because the uncontradicted evidence was that he did know, and the court properly limited its instruction to the jury upon this subject to the rule applicable to the case before it. The charge was an admirable one. It was brief, clear, and pointed. It presented to the jury the crucial question which they were to decide, and applied the rules of law which governed the case as it existed to the very issue before the jury, so that their duty was not only made clear, but its discharge was made easy. Such a charge is far more helpful to a jury and much more conducive to a just and speedy administration of the law than abstract propositions of law or dissertations on

theories which may be sound, but respecting the application of which to the issues of the case the jury are left in doubt. The judgment below cannot be reversed on account of the alleged errors in the charge.

There are two specifications leveled at rulings of the court upon the introduction and rejection of evidence. One is that the court admitted a rule of the company which required its servants to stop its cars on the farther cross-walk of street crossings, and the other is that it rejected two rules of the company offered by the plaintiff to the effect that when a car has stopped the conductor shall give the signal for it to start, and that no car shall be started when a passenger is attempting to board or to alight from it. The plaintiff charged the defendant and its servants with negligence in that they stopped a car on the near cross-walk on a street crossing, and then started it again, while the plaintiff was attempting to alight from it. The defendant denied this charge, and averred that it had made a rule that its employés should not stop any car at the near crossing, and that they had obeyed this rule. The adoption and enforcement of such a rule was certainly some evidence of reasonable care in the operation of all its cars across the streets of the city of Omaha, including the car upon which the plaintiff was riding. In view of this fact, the admission of the rule in evidence cannot be said to be error.

For a like reason the rules offered by the plaintiff should have been received. If the testimony of the plaintiff's witnesses was true that the conductor and motorman of the car upon which she was riding violated the rules which she offered in evidence when they started the car after it was stopped without signal and while she was alighting, the existence of the rules which were thus violated certainly had a natural tendency to prove that they were not exercising reasonable care.

This error was, however, robbed of all its potency by the subsequent charge of the court. At the close of the evidence the court instructed the jury that if this car stopped, and if the conductor knew that the plaintiff was alighting when the car started, the company was liable for all the plaintiff's injuries as a matter of law. The jury could not have given the rules of the company and the alleged acts of the employés in violation of them any greater effect than to have charged the defendant with liability for the plaintiff's injuries on account of them, and the court gave those acts, without the rules, that effect as a matter of law. The rejection of the rules, therefore, was not prejudicial, and could not have been prejudicial to the plaintiff's case, and error without prejudice is no ground for reversal.

There was no reversible error in the trial of this case, and the judgment below is affirmed.