## OKLAHOMA RY. CO. v. CHRISTENSON.

No. 6522.     Opinion Filed April 13, 1915.

(148 Pac. 94.)

1.   **TRIAL—Instructions—Pleading and Proof.** The instructions of
     the court should be based upon the issues as made by the plead-
     ings and the evidence, and should present the respective theories
     of the parties in accordance with the testimony offered in sup-
     port thereof.

2.   **APPEAL AND ERROR—Harmless Error—Argument of Counsel.**
     In order for alleged misconduct of counsel in argument to the
     jury to effect a reversal of a judgment, it must appear that sub-
     stantial prejudice resulted therefrom, and that the jury were
     influenced thereby, to the material detriment of the party com-
     plaining.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by Mrs. Mamie Christenson against the Okla-
homa Railway Company, a corporation.    Judgment for
plaintiff, and defendant brings error.    Affirmed.

*John W. Shartel* and *Burke Shartel,* for plaintiff in
error.

*Giddings & Giddings,* for defendant in error.

HARDY, J.    Defendant in error brought suit in the
superior court of Oklahoma county against plaintiff in error
to recover damages for personal injuries received while a
passenger on one of the cars of plaintiff in error on its
street car lines in Oklahoma City.    In her petition she al-
leges that she was a passenger on its East Fourth street car
on the 27th day of August, 1913, and that she desired to
alight from said car at Fourth street and Oklahoma avenue;
that, after said conductor called out her destination, she
walked to the rear platform, where the conductor was

standing; that said car was in motion, and slackened its speed only slightly at the usual stopping place, and that, after slackening speed, the motorman gradually increased the speed of the car, and thereupon the conductor of said car took hold of plaintiff's arm, and by force and pressure impelled her to step from said car; that, as a result thereof, she was thrown violently to the pavement, falling on her left shoulder and left hip, and receiving severe and painful injuries, as set out in her petition. Defendant answered, denying generally the allegations of plaintiff's petition, and alleging that plaintiff's injuries, if any, were caused solely by the negligence of plaintiff in voluntarily and carelessly stepping off of the moving car of the defendant at a point other than the usual stopping place. A reply was filed to the answer. On October 25, 1913, the cause was transferred to the district court. Trial was had on the 11th day of February, 1914, resulting in a verdict for defendant in error.

The only errors presented in brief of counsel are: (1) The court erred in instructing the jury; (2) misconduct of counsel for plaintiff in arguing the case to the jury.

At the trial the court instructed the jury as follows:

"If you believe from the evidence in this case, by a preponderance thereof, that the plaintiff, while such passenger upon defendant's street car, gave notice of her intention and desire to alight from said car, and walked to the rear platform of said car for that purpose, and after she reached the said rear platform, and while the car was in motion, the servant and employee of said defendant, to wit, the conductor of the said car, took hold of her arm and by force and pressure impelled her to step from said car, the said car having gone beyond the regular stopping place, and not having stopped and given plaintiff an opportunity to alight at said regular stopping place, then the defendant, under that state of facts, would have failed to perform its duty toward plaintiff; and if you further believe, by reason of such negligence on the part of the defendant, the plaintiff stepped off

said car and was injured, and that plaintiff was exercising, at the time, due care for her own safety, then and in that event your verdict should be for the plaintiff."

"If, however, you do not so believe, but do believe that the conductor of said car tried to keep plaintiff from alighting, and plaintiff carelessly and recklessly and without any cause or occasion therefor, voluntarily stepped off the said car, while moving, without any regard for her own safety, and that the injuries of plaintiff were caused by her own negligence contributing thereto, and without which they would not have been caused, then your verdict should be for defendant."

The giving of the second instruction is complained of for the reason that it is claimed it submitted to the jury an issue entirely outside of the pleadings and unsupported by any evidence. It is claimed that this instruction authorized the jury to find for the defendant in error unless the conductor made an attempt to prevent her from alighting from the car while it was in motion, or, in other words, if said conductor allowed her to get off the car while in motion; and error is alleged in the giving of this instruction: (1) Because it permitted plaintiff to recover for an act of negligence different from that alleged and proved, and entirely outside the issues raised by the pleadings; (2) because the theory of recovery thus brought into the case was inconsistent with the whole theory of plaintiff's case and testimony; and (3) because such a theory was not supported by any evidence in plaintiff's favor.

The petition of plaintiff, as appears therefrom, bases her right of recovery upon the alleged act of the conductor, who, "when the speed began to increase, * * * took hold of the arm of this plaintiff and by force and pressure impelled her to step from said car. That, as a result of the actions of said conductor in taking hold of the arm of plaintiff and impelling her to alight against her will, she was thrown violently to the pavement. * * *". The first instruction given by the court, set out herein, submitted the

plaintiff's case to the jury upon this theory. The defendant had pleaded as a defense to this cause of action contributory negligence on the part of the plaintiff, and all of the evidence in the case, both on the part of the plaintiff and defendant, shows that the conductor, at the time of the injury, had hold of the plaintiff's arm; and plaintiff contended that said conductor by force and pressure impelled her to step from said car, while defendant contended that the purpose of said conductor in holding plaintiff by the arm was to prevent her from alighting from said car while in motion. The evidence of W. H. Brock, the conductor of said car, upon this point, is as follows:

"What have you to say about her statements that you deliberately pushed her off the car? A. Well, it is all a mistake. I didn't push her off the car. I held her as long as I seen any possible chance. I could have held her and drug her on the street, probably would have hurt her worse than the way I did. I managed the best way I knew how after she got out to where I had no control of her. Q. Did you say you held onto her arm? A. I did; yes, sir. Q. Until when? A. Her feet had done touched the ground before I turned her loose. Q. You got hold of her then, did you? A. Yes. Q. What did you catch hold of her on the arm for? A. To keep her from getting off the car before it stopped. Q. That was at the time she came back? A. It was; yes. Q. And, when you got her by the arm, did you hold her by the arm? A. Yes; held her by the arm. Q. Isn't it a fact that when she came back there you saw the motorman was not going to stop because he increased the speed, and you caught her by the arm, and, in endeavoring to assist her off, you pushed her off the car? A. No, sir. Q. Couldn't you hold her, prevent her from doing that. A. I could not. Q. Did she pull away from you? A. She just leaned forward, broke away from me. Q. Just walked right off? A. Yes, sir; instead of waiting until the car—it had to stop—until he came to a stop, she just stepped absolutely off—never stepped on the bottom step at all?"

The evidence of other witnesses offered by the defendant corroborated the statement of the conductor that he had hold of the plaintiff by the arm at the time of the injury, and it was the duty of the court to submit to the jury instructions embodying the defense of contributory negligence as applicable to the issues made by the pleadings and the proof. This evidence was relevant to that plea to show, if true, that plaintiff had been guilty of contributory negligence, and in the giving of the instruction we think there was no error. Said instruction merely submitted to the jury the affirmative defense urged by the defendant as made out by its evidence. The proposition that instructions should not be given which are not based upon the evidence is so well established as to need no citation of authorities; and it is also clear that they should be framed upon the issues made by the pleadings, and submit the respective theories of the parties as shown by their evidence, and that was what was done in this case. Such instructions are far more helpful to a jury and much more conducive to a just and speedy administration of the law than abstract propositions or dissertations on theories which may be sound in the abstract, but have little or no application to the issues of the case before the jury. 11 Ency. P. & P: 168; *Choctaw, Okla. & G. Ry. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271; *Spurrier Lumber Co. v. Dodson,* 30 Okla. 412, 120 Pac. 934; *St. L. & S. F. R. Co. v. Posten,* 31 Okla. 821, 124 Pac. 2; 38 Cyc. 1612; *Western Home Ins. Co. v. Thorpe,* 40 Kan. 255, 19 Pac. 631; *Morse v. Ryland,* 58 Kan. 250, 48 Pac. 957; *Frizzell v. Omaha St. Ry. Co.,* 59 C. C. A. 382, 124 Fed. 176; *Lombard v. Martin,* 39 Miss. 149; *Porter v. Harrison,* 52 Mo. 524; *Pleasants v. Fant,* 89 U. S. (22 Wall.) 116, 22 L. Ed. 780.

It is claimed that the instruction submitted to the jury a cause of action based upon a violation of an ordinance of the city. It is true that such ordinance was admitted in evidence, but its introduction is not complained

of; nor do we think the instructions submitted any issue framed upon an act of negligence growing out of a violation of the ordinance. In fact, so far as the record is concerned, other than the mere introduction of the ordinance in evidence, it does not appear to have been considered by counsel for plaintiff or by the court; and certainly the instructions of the court do not predicate any right of recovery upon any act of negligence in violation of the ordinance.

Under the second assignment of error (that is, "misconduct of counsel for plaintiff in arguing the case to the jury"), the following language used by counsel in the argument to the jury is complained of:

"Mr. Giddings (continuing): 'I say again to this jury that Alexander was in the same position, according to the testimony of this other nigger, to know just what that nigger knew. The proof shows that Alexander's name and address was taken, that he is not here, and this jury knows that, whenever taken, the names and addresses are sent to the claim department, and the detective goes out to find out all the witness knows, and that if Alexander's evidence had corroborated the evidence of this other nigger, they would have had him here, and his absence here is, to my mind, an indication—the jury can think what they want about it—that Alexander didn't see this thing just like the other nigger did."

The evidence of A. C. Floyd, one of the witnesses for defendant, is to the effect that he was on the platform, and that Alexander was standing on the platform near him. W. H. Brock, the conductor of the car, testified that he took the names and addresses of two colored men on the back vestibule and turned the names in to the company for future reference. Margaret Henderson, a witness, testified that there were two colored men on the back platform. It thus appears that the defendant was in possession of the name and address of Alexander at the time of the accident, and that Alexander was in a position where he could have seen at least a part of the accident; and, under the

circumstances, we do not feel justified in saying that this case should be reversed because of the statements made in the argument, unless it appear that substantial prejudice resulted therefrom, or that the jury were probably influenced thereby, to the material prejudice of the defendant; and this we cannot say upon the record before us. Rev. Laws 1910, secs. 4791, 5031, 6005; *Easterly v. Gater,* 17 Okla. 93, 87 Pac. 853, 10 Ann. Cas. 888; *Enid City Ry. Co. v. Reynolds,* 34 Okla. 405, 126 Pac. 193; *Producers' Oil Co. v. Eaton,* 44 Okla. 55, 143 Pac. 9; *City of Shawnee v. Sparks,* 26 Okla. 665, 110 Pac. 884; 2 R. C. L. 414.

The judgment of the trial court is, therefore, affirmed.

All the Justices concur, except KANE, C. J., not participating.