### NORTHERN CENTRAL COAL CO. v. HUGHES.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1915.)

No. 4307.

*(Syllabus by the Court.)*

1. MASTER AND SERVANT ☞228—INJURIES TO SERVANT—CONTRIBUTORY NEG-LIGENCE—UNGUARDED MACHINERY—MISSOURI STATUTE.

A statute of Missouri (Rev. St. 1909, § 7828), which requires certain machinery dangerous to employés when engaged in their ordinary duties to be guarded, does not exempt them from the duty to exercise reasonable care to avoid injury from such machinery, nor deprive their employers of the defense of contributory negligence to actions for injuries caused thereby.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. ☞228.]

2. TRIAL ☞213—REQUESTED INSTRUCTIONS—APPLICATION OF GENERAL LAW TO FACTS—RIGHT TO A CHARGE ON SPECIFIC ISSUES.

Where a charge states general rules of law governing the case, but fails to state the specific issues the jury is called upon to determine and to apply the law to them, either party, upon request, is entitled to additional instructions which tersely and clearly state the crucial issues which the jury must determine and the law applicable to those issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 480; Dec. Dig ☞213.]

3. EVIDENCE ☞123, 244—RES GESTÆ—ADMISSION BY SUPERINTENDENT.

Testimony to a statement by a superintendent of a corporation to the witness, made three or four days after an injury to an employé relative to his action at and prior to the injuries, is incompetent. It is too remote in time to be a part of the res gestæ. The superintendent is without authority from the company to admit or create liability on its part, and the testimony is mere hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368, 916–936; Dec. Dig. ☞123, 244.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by John Calvin Hughes against the Northern Central Coal Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions to grant a new trial.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. F. Howell, of Centerville, Iowa (Major Lilly, of Moberly, Mo., and Mahan, Smith & Mahan, of Hannibal, Mo., on the brief), for plaintiff in error.

B. E. Cowherd, of Huntsville, Mo., and A. R. Hammett, of Moberly, Mo. (F. W. Neeper, of Hannibal, Mo., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. The plaintiff below, defendant in error here, recovered a judgment upon a complaint that the defendant below, the Northern Central Coal Company, a corporation and his employer, was negligent, in that it maintained a set screw on a collar of a shaft near a bearing which it was his duty to oil, without any guard about the set screw to protect its employés from injuries therefrom; that this negligence caused his injury by the catching of his clothing by the set screw while the shaft was rapidly revolving and while he was oiling its bearing. One of the defenses pleaded by the defendant in its answer was that, if the plaintiff was injured while oiling the bearing of the shaft, his own negligence directly contributed to cause his injury, and in support of this defense it introduced testimony that it was a rule of the company, and that the plaintiff had been repeatedly instructed by his superior officer, the defendant's superintendent, never to oil the bearing of the shaft when the latter was in motion.

The evidence at the trial was conclusive that the plaintiff had the power and duty to start and to stop the machinery; that when he was ready it was his duty and he customarily discharged that duty, to give the signal to start the machinery, and that the engineer obeyed that signal, and that the defendant had the power to stop the machinery at any time; that the shaft revolved in bearings in boxes on posts about 24 feet above the floor, and carried on each side of the bearing he was oiling when he was injured fixed sprocket wheels, which dragged chains that passed over other sprocket wheels several feet distant horizontally and several feet below the plane in which the shaft revolved. It was the custom, practice, and rule to grease these chains when in motion with thick oil or grease as they passed over the lower sprocket wheels, and the place where they were so greased was guarded to protect the employés from danger. In order to oil the bearing of the shaft where the injury occurred it was necessary for the plaintiff to ascend about 20 feet from the floor, and then to walk along a plank or planks, which were a foot or more wide, horizontally to the box bearing on the post, and then to pour into an oil hole therein a thin oil from the spout of an oil can. As the defendant was thus oiling this bearing, while the shaft was in motion, his clothing on his arm was caught by the set screw on the collar of the shaft and he was injured.

The plaintiff testified that he knew of no rule and that he was never instructed not to oil the bearings on this shaft, or the machinery, other than the sprocket chains, when they were in motion, and that several times, and on the morning of the accident, he had been instructed by his superintendent to oil them while they were in motion. No other

witness came to corroborate this testimony. Lou Robinson, the superintendent, testified that he had never directed the plaintiff to oil the machinery, other than the sprocket chains, when in motion, and that he had repeatedly instructed him never to do so, but always to oil them when they were stationary. The great preponderance of the evidence, the testimony of the superintendent, and of the witnesses Minor, Bowls, and Earl Robinson, was that the plaintiff was so instructed, and no one but the plaintiff denied it. Four witnesses testified that it was a rule of the company that none of the machinery, except the sprocket chains, should ever be oiled while in motion, and there was no witness but the plaintiff to the contrary.

In this state of the evidence, at the close of the trial, the defendant requested the court to charge the jury that if they found that it was the rule of the company and if the plaintiff had been instructed that he should not oil the machinery, with which he was working at the time he was injured, when it was in motion, and that he should oil it only when it was stationary, they should return a verdict for the defendant. The court denied this request. In its general charge the court instructed the jury that they could not find for the plaintiff, even though they found that the defendant had been guilty of negligence in failing to guard the machinery, if they should find by the preponderance of evidence that the plaintiff was guilty of some negligence on his part which contributed to the accident which caused his injury. But the court nowhere mentioned the issue over the rule of the company, or over the instructions to the plaintiff, or the defense based thereon. The refusal to give the requested instruction is assigned as error.

[1] The statute of Missouri (Revised Statutes 1909, § 7828) which requires certain machinery dangerous to employés when engaged in their ordinary duties to be guarded does not exempt them from the duty to exercise reasonable care to avoid injury from such machinery, nor deprive their employers of the defense of contributory negligence to actions for injuries caused thereby. Huss v. Heydt Bakery Co., 210 Mo. 44, 108 S. W. 63, 66, 67; Austin v. Bluff City Shoe Co., 176 Mo. App. 546, 158 S. W. 709, 713, 716.

[2] The refusal of the court to give the instruction requested, therefore, violated the salutary rule that where the charge of a court states general rules of law governing the case, but fails to set forth the specific issues which the jury is called upon to determine and to apply the law to them, either party upon request is entitled to additional instructions which tersely and clearly state the crucial issues which the jury must determine and the law applicable to those very issues. A charge which presents to a jury specific issues which they are to decide, and applies to them the rules of law, makes the duty of the jury more perceptible, its discharge easier, and is more conducive to the just and speedy administration of justice than the statement of correct abstract legal propositions. Western Union Telegraph Co. v. Morris, 105 Fed. 49, 54, 55, 44 C. C. A. 350, 355, 356, and cases there cited; Frizzell v. Omaha Street Ry. Co., 124 Fed. 176, 180, 59 C. C. A. 382, 386; Cleveland, C., C. & St. L. Ry. Co. v. McClintock, 91 Fed. 223, 227, 33 C. C. A. 466, 470; Railway Company v. Johnson, 90 Ga. 500, 16 S. E. 49.

Counsel for the plaintiff argue that the request was rightly denied: (1) Because it failed to submit the question whether or not the rule of the company was known to the plaintiff; but if the rule existed, and he was instructed to comply with its terms, as the request reads, his disregard of them was fatal to his case. (2) Because it fails to submit the questions: (a) Whether or not the rule was abrogated by a common custom of oiling when the machinery was in motion; but there was no substantial evidence of any such custom. (b) Whether or not the rule had been superseded by special order of the superintendent; but the requested instruction necessarily required the determination of that question by the jury. The instruction requested clearly and correctly stated a crucial issue in the case, the law applicable to it, and the duty of the jury regarding it, and it was fatal error to refuse to give it.

[3] It is specified as error that the court admitted the testimony of a witness to an oral statement made to him by the superintendent of the defendant, three or four days after the accident, relative to his action at and prior to the day of the accident in regard to the oiling of the machinery. The specification is well founded. The superintendent's statement was too remote in time to be a part of the res gestæ. There is no testimony in the case that he had authority from the company by any such statement to admit or create a liability on its part, and his general authority of superintendent gave him no such power. The testimony was mere hearsay, and it was error to receive it. Vicksburg & Meridian R. R. Co. v. O'Brien, 119 U. S. 99, 105, 106, 7 Sup. Ct. 118, 30 L. Ed. 299; Fidelity & Casualty Co. v. Haines, 111 Fed. 337–340, 49 C. C. A. 379–382; Marande v. Texas & Pacific Ry. Co., 124 Fed. 42, 46, 59 C. C. A. 562, 566; Goehrig v. Stryker (C. C.) 174 Fed. 897, 900.

Let the judgment be reversed, and let the case be remanded to the court below, with instructions to grant a new trial.