## KIRK et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1922.)

No. 5612.

1. **Criminal law ☞1169(1)—Admission of immaterial evidence held harmless.**

In prosecution for violation of regulations concerning the distillation of liquors prior to repeal thereof by National Prohibition Act, tit. 2, § 35, testimony as to execution of defendants' appearance bonds *held* harmless, where not followed by other evidence; testimony therefore becoming immaterial.

2. **Witnesses ☞266—Denial of full and fair cross-examination is error.**

Denial of a full and fair cross-examination is error.

3. **Criminal law ☞1186(4)—Examination of witnesses and interference in cross-examination not ground for reversal where not prejudicing substantial rights.**

The examination of witnesses by the trial judge and interference in the cross-examination of witnesses *held* not ground for reversal under Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), where the substantial rights of the defendant were not infringed.

4. **Internal revenue ☞47—Failure to submit theory of defense held ground for reversal.**

In prosecution for violation of regulations concerning the distillation of liquors prior to repeal by National Prohibition Act, tit. 2, § 35, in which the defense claimed that the circumstantial indicia on the land on which it was claimed that distilling operations had been conducted arose from domestic and stock-feeding purposes, the failure to submit such theory *held* ground for reversal.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

W. M. Kirk and others were convicted of violating regulations concerning the distillation of liquors, and they bring error. Reversed, and new trial granted.

S. M. Rutherford, of Muskogee, Okl., for plaintiffs in error.

John T. Harley, Asst. U. S. Atty., of Coalgate, Okl. (C. W. Miller, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

COTTERAL, District Judge. The plaintiffs in error were convicted of violating regulations concerning the distillation of liquors, as imposed by the internal revenue statutes, which were in force in September, 1919, when the offenses were laid and to which the evidence conformed, and were not repealed by the National Prohibition Act until the following January. Section 35, tit. 2, 41 Stat. 305, 317. Ketchum v. U. S. (C. C. A.) 270 Fed. 416; U. S. v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043 (June 1, 1921).

As there was no claim of compliance with the regulations, the issue presented to the jury was therefore whether the defendants had engaged in the production of whisky. Four officers testified to certain discoveries on the land of defendant Craig, indicative of recent distilling operations. The indictment was dismissed as to Hammons, who testi-

fied for the government to an arrangement with the defendants on trial for making the whisky, the execution of the enterprise, and the subsequent dismantling and secretion of the apparatus employed. He appears to have made a confession and a retraction, and at the time of trial was a state convict. There was denial by the defendants of the whisky making and explanation that the articles found on the land had been used for innocent and legitimate purposes.

The grounds assigned as a basis for reversal are: (1) The admission of incompetent evidence; (2) undue interference by the trial judge with the examination of witnesses; and (3) error in giving and refusing instructions to the jury.

[1] 1. To sustain the first assignment, portions of the testimony are set out, comprising more than five pages of the record. The testimony of the officers is assailed as consisting of speculation and deductions, for example, their reference to the discovery of a "furnace"; but this was not denied, and the defendants claimed it was "the wash place of the family." The physical facts were given, and among them a showing of rocks torn down and of fire, and they were sufficiently descriptive to leave the matter fully to the jury. The objection to kindred subjects was purely technical and without merit. The commissioner testified to the execution of defendant's appearance bonds, which was not followed up by other evidence, and thus became immaterial; but it was in no way harmful to the defendants. The defense was not permitted to introduce the signature of Hammons upon his bond, without the entire instrument, for comparison with that on the retraction, but this ruling was later corrected by the court. These instances are illustrative. Chiefly, the other objections have not been discussed, and no error appears in disposing of them.

[2, 3] 2. The next specification is that the trial judge took over the examination of witnesses for the government and by interference prevented the cross-examination of witnesses. The record discloses that he interrogated the witnesses to an unusual extent. But his authority in this respect when exercised in a non-prejudicial manner, and subject to the same exceptions as if conducted by counsel, cannot be questioned. 38 Cyc. 1316; 26 R. C. L. 1925, 1926. We have been unable to discover any resulting prejudice to the defendants from the inquiries made in this case. Cases are relied upon wherein the fair limitations of inquiry were exceeded, but we find them either inapplicable, or not authoritative in the federal courts. One of those cited is Johnson v. U. S. (C. C. A.) 270 Fed. 168, wherein it was said that the opinion of the trial judge was concededly indicated by his inquiries, and this alone "would not be enought to hold the trial unfair, because prejudicial to the defendants"; but it was followed by a one-sided charge to the jury. There were interruptions of counsel while cross-examining witnesses. Undoubtedly, a denial of a full and fair cross-examination is error. Harrold v. Oklahoma Territory, 169 Fed. 47, 94 C. C. A. 415, 17 Ann. Cas. 868. But for the most part it seems to have been eventually accorded, or at least not curtailed, beyond the discretion of the court. Id. We are not persuaded that the substantial rights of the defendants were infringed by the court either in conducting or restrict-

ing the examination of the witnesses, and this assignment of error cannot be sustained. Section 269, Judicial Code (Comp. St. Ann. Supp. 1919, § 1246).

3. There has been no discussion of the instructions which were refused, and we pass them without notice. The complaint of those given is that they did not fairly state the defense, were argumentative, and destructive of the defendants' testimony. The general rules of law applicable to the case were elaborately and accurately defined in the charge, and various objections have been argued, which are not well taken. But we are convinced that error intervened in material respects. The charge is, of course, not open to criticism, because it reflected the opinion of the court as to the facts, as this was permissible, provided it was made clear that the jury must find them, which was done. There was no direct opinion, but it was clearly inferable from the charge upon the evidence, which was largely in the form of questions. We can only regard the charge in that connection as an argumentative presentation from the standpoint of the prosecution, well calculated to influence a result adverse to the defendants, and as practically ignoring the defense, except in the way of denials.

We think the exception by counsel "to the court failing to state clearly the theory of the defense" should be upheld. Oppenheim v. U. S., 241 Fed. 625, 154 C. C. A. 383. It was essential for the government to establish that distilling operations had been conducted on the land of Craig. The charge was persuasive that such was the fact. But there was omission to directly or substantially submit the claim of the defense that the circumstantial indicia on the land arose from domestic and stock-feeding purposes. The defendants were entitled to this, as it was a specific question upon the testimony for decision by the jury. Northern Cent. Coal Co. v. Hughes, 224 Fed. 57, 139 C. C. A. 619.

For these reasons, we conclude the judgment as to each of them must be reversed, and a new trial granted.

It is so ordered.

HOOK, Circuit Judge, presided at the hearing of this case, but died before a final conclusion was reached and this opinion was prepared.